WATSON R. TOWNE, PLAINTIFF IN ERROR, V. JOSEPH A. SPARKS ET AL., DEFENDANTS IN ERROR.

1. **Debtor and Creditor:** FALSE REPRESENTATIONS BY DEBTOR : REPLEVIN : ESTOPPEL. S., being a merchant engaged in selling goods and supplies at T., W. R. T., who was an entire stranger to S., drove into the vicinity of T. a large band of sheep. Having no other known property or means, he applied to S. for credit for goods and supplies. S., for the purpose of informing himself as to the desirableness of T. as a credit customer, asked him how many sheep he had. T. re-replied that he had brought thirty-odd hundred, that some of them belonged to B. & B., and twelve hundred of them were his own, which he was going to run out on his ranch. S. gave T. credit from that time on, for goods and supplies, for which a

judgment was rendered and a part of said sheep levied on. Thereupon T. replevied the sheep as the property of one L., who had farmed the same to him on shares for a term of years. *Held*, That T. is estopped to deny the truth of the representation made by him to S. as to the ownership of the sheep, and that he cannot maintain replevin therefor.

2. **Replevin:** GENERAL DENIAL: ESTOPPEL. In an action of replevin, *Held*, That evidence of matter in estoppel may be given and availed of as a defense under a general denial and without being pleaded specially.

3. **The evidence** examined, and *Held*, Sufficient to sustain the verdict.

4. **Judgment, in County Court:** COSTS. The judgment in the county court, upon which the execution on which the levy was made was issued, having been for $490.43 and costs, the amount of costs not being shown in the record, nor the interest on the judgment computed, the finding of $539.20 is presumed to be correct.

5. **Instructions** complained of examined and upheld.

6. **Testimony** contained in deposition objected to examined and sustained in part, and as to the residue, *Held*, Not reversible error.

ERROR to the district cou t for Cherry county. Tried below before TIFFANY, J.

*W. H. Munger*, for plaintiff in error.

Plaintiff's interest not subject to levy and sale upon execution. *Williams v. McGrade*, 13 Minn., 174. *Hasbrouck v. Bouton*, 60 Barb., 413. Maxwell Pl. and Pr., 4th Ed., 582. Replevin proper. Wells on Replevin, Secs. 97, 626, 644. *Jackson v. Hubbard*, 36 Conn., 10. Evidence insufficient to constitute estoppel. *Grant v. Cropsey*, 8 Neb., 208. Estoppel not available as a defense. *B. & M. R. R. Co. v. Harris*, 8 Neb., 142.

*D. A. Holmes*, for defendants in error, cited : *Pence v. Arbuckle*, 22 Minn., 420. *Beebe v. Wilkinson*, 30 Id., 548. *Stebbins v. Walker*, 46 Mich., 6.

COBB, J.

This was an action of replevin brought in the district court of Cherry county by the plaintiff in error against the defendant in error, for certain cattle and sheep described in the pleadings. The plaintiff in the court below alleges in his petition that, " he has a special property in the following described goods and chattels, to-wit : Seven hundred and fifty head of sheep of various ages, as follows, by virtue of a written contract entered into with one William E. Lee; that plaintiff, on or about the 25th day of November, 1882, took possession of a flock of 1,200 sheep belonging to and the property of said Lee; by the terms of which contract plaintiff was to retain the possession and control of and care for said sheep for a term of four years from said date, all of said sheep and the increase thereof to remain the property of said Lee until the expiration of said term of years, and that said 750 head of sheep are a part of said flock, and the property of said Wm. E. Lee, and plaintiff is entitled to the immediate possession of the same, the value of which possession is $1,875. Also that he has a special property in the following described goods and chattels, to-wit:" describing ten head of neat cattle, "by virtue of a written contract entered into with one R. W. Hyde, dated July 20, 1883, plaintiff took possession of said cows and others owned by said Hyde, and by the terms of said contract was to retain possession and control of and care for the same for a term of five years from the date of said contract, and plaintiff is entitled to the immediate possession of the same, which possession is of the value of $350. Plaintiff further alleges that defendant wrongfully detains said goods and chattels from the possession of the plaintiff, and has wrongfully detained the same for thirteen days, to plaintiff's damage in the sum of $100. Plaintiff further

alleges that said property was seized under a writ of execution issued on a judgment rendered in favor of Joseph A. Sparks and against plaintiff, rendered in the county court of Cherry county on the 5th day of January, 1886, for goods sold and delivered," etc.

It appears from the record that the suit was originally commenced against James Connelly, sheriff, but upon application the defendants in error herein were substituted defendants in the action. After being substituted as defendants, they answered in the action, admitting that at the time of the commencement of the suit the property described in said petition was in the custody of James Connelly, sheriff of "this" county, under and by virtue of an execution issued by the county court of said Cherry county, as set forth in the petition, and denying each and every other material allegation in said petition contained.

There was a trial to a jury, with a verdict and judgment for the defendants. The plaintiff brings the cause to this court on error.

The following are the errors assigned:

1. The verdict is not sustained by sufficient evidence.

2. The verdict is contrary to the evidence.

3. The court erred in admitting evidence on the part of the defendants which was objected to by plaintiff at the time, and to which rulings of the court admitting such evidence, the plaintiff duly excepted.

4. Error in the assessment of damages, the same being too large.

5. Errors of law occurring at the trial and excepted to by the plaintiff.

6. The court erred in giving the fifth instruction given to the jury on the court's own motion.

7. The court erred in giving the sixth instruction.

8. The court erred in giving the seventh instruction given by the court to the jury upon the court's own motion.

9. The court erred in giving instruction numbered three asked for on the part of the defendant.

10

10. The court erred in overruling the motion for a new trial.

The evidence tends to prove that some time in the fall of 1882 the plaintiff drove a band of some three thousand or more sheep, which had been driven from Oregon that year, into the vicinity of Thatcher, in what is now Cherry county ; that plaintiff delivered a part of said sheep to parties in the neighborhood to whom the same had been assigned, and the same being branded differently from those which he retained ; that he retained some thirteen or fourteen hundred of said sheep and placed them on his ranch in said neighborhood ; that at that time the defendants were engaged in the business of general merchants at Thatcher ; that the plaintiff being a stranger to them, applied at their store at Thatcher for credit for goods and supplies ; that for the purpose of informing himself as to the desirableness of plaintiff as a credit customer, one of the firm of Sparks Brothers, the defendants, asked him how many sheep he had, and plaintiff replied that he had brought a certain number, believed by the witness to have been thirty odd hundred head, that there were some of those sheep which belonged to Baldwin & Bluit, and so many head of his own, witness thinks it was twelve hundred of his own, which he was going to run out on his ranch ; that on the strength of this statement defendants let the plaintiff have goods and extended him credit from that time on until defendants were informed that plaintiff did not own the sheep. The evidence tends to prove that the said sheep did not belong to the plaintiff, but to William E. Lee, who had let the same to the plaintiff to keep on shares for the term of four years, the plaintiff to have one-half of the wool, and at the expiration of said term to make good to said Lee the old stock and the increase to be divided between them share and share alike, and the term had not expired when the sheep were levied on by execution issued upon a judgment rendered

in favor of defendants against the plaintiff on notes given for the goods sold as above stated.

For the purposes of the case before us, it may be conceded that the actual interest of the plaintiff in the said sheep was not subject to levy. It was claimed at the argument that the case would turn largely on the question of estoppel. Bigelow, in his work on Estoppel, at page 552, 4th Ed., presents the following analyses, under the sub-head of estoppel by conduct or equitable estoppel, and the general head of estoppel *in pais*.

"1. There must have been a false representation or a concealment of material facts.

"2. The representations must have been made with knowledge, actual or virtual, of the facts.

"3. The party to whom it was made must have been ignorant, actually and permissibly, of the truth of the matter.

"4. It must have been made with the intention, actually or virtual, that the other party should act upon it.

"5. The other party must have been induced to act upon it."

The evidence in the case at bar, as believed and acted upon by the jury, brings it within each of the above elements of estoppel.

1. The statement that, after delivering to Baldwin & Bluit their share of said band of sheep, he had twelve hundred "of his own, which he was going to run out on his ranch," was both a false representation and a concealment of material facts. The object of the inquiry of Mr. Sparks, as must have been known to plaintiff, was to ascertain the pecuniary responsibility of the plaintiff, and the band of sheep was the only visible property in his possession ; as appears from a view of all the evidence, the attention of the parties was directed to it. So that any statement of fact, or concealment of fact, as to the ownership of the sheep was material. The statement of plaintiff

that he had twelve hundred sheep of his own, was a false representation, and his failure to state, in that connection, that the sheep were owned by Lee, and that he was keeping them on shares, was a concealment of material facts.

. 2.   Plaintiff had actual knowledge of the facts concerning which said false statement and concealment were made. He knew that Lee owned the sheep, and that he, plaintiff, did not own them, in the sense of their furnishing him a basis for credit.

3.   The defendants had no knowledge of the ownership of the sheep, nor means of knowledge, other than that growing out of their possession by plaintiff.   It does not appear that there was any person, or any source of knowledge, in that county or section of the state, from whom defendants could have derived true information as to the ownership of the sheep.   Their ignorance of the truth or falsity of the statement of plaintiff was both actual and permissible.

4.   There can be no doubt that plaintiff represented himself to be the owner of the sheep, with the intention that defendants should act upon such information, and give him credit for supplies.   To doubt this would be to ignore the teachings of experience, and all knowledge of the motives of men in their dealings and business relations with each other.

5.   The testimony of defendant, Joseph A. Sparks, is direct and positive, that on the strength of the said statement of the plaintiff defendants extended to him the credit upon which the judgment was rendered, etc.   This testimony is contradicted by no witness, nor by any fact or circumstance in the case.

The conclusion is therefore irresistible, that the plaintiff is estopped to deny the ownership of the sheep.

An objection is made to the consideration of the question of estoppel in this case, because it is not pleaded.   While it cannot be denied that in general an estoppel, to be avail-

able, must be pleaded, I do not think that the rule applies to actions of replevin under our system. It is the settled law applicable to such cases, that under a general denial evidence may be admitted tending to prove the detention of the replevied goods to have been lawful. See *Richardson v. Steele*, 9 Neb., 486. *School Dist. v. Shoemaker* 5 Id., 36. *Creighton, Adm., v. Newton*, Id., 100. *Hedman v. Anderson*, 8 Id., 180. *Ferrell v. Humphrey*, 12 Ohio R., 113. *Oaks v. Wyatt*, 10 Id., 344.

As to the second assignment, it is only necessary to say that there was not only evidence sufficient to sustain the verdict on the question of estoppel, but that if it were necessary to pass upon the weight of the evidence, upon the points necessary to establish such estoppel, it is clearly on the side of the defendants.

The third assignment is too indefinite to admit of an examination.

The fourth assignment not being insisted on at the argument, nor in the brief, it need not be considered. However, the judgment in the county court in favor of the defendants here, and against the plaintiff, was for $490.43 and costs, the amount of which does not appear in the record; the value of the possession of defendants in the property replevied was found by the jury at $539.24, being $48.81 more than the judgment; that that amount is covered by the interest on the judgment, costs taxed in that case, and increase costs on the execution at the date of the commencement of the action of replevin, in the absence of data from which to make a calculation, will be presumed.

The fifth assignment, failing to point out the error of law occurring at the trial, upon which it is based, cannot be considered.

The sixth error is based upon the following instruction given by the court upon its own motion: "5. You are instructed that if a bailee of property hold himself out to be the absolute owner of the property, and for the purpose

of obtaining credit falsely represented himself to be such owner, and by such representations obtained the credit which was the basis of the judgment on which the execucution was issued, he is estopped from setting up a baileeship to defeat such execution." This instruction, I believe, fairly expresses the law of estoppel as applicable to the evidence in the case, as we have seen, and hence is not objectionable.

The seventh assignment is based upon the following instruction given by the court, also on its own motion: "6. You are instructed that to constitute an estoppel, it must be found from the evidence that the plaintiff falsely represented to the defendants that he was the owner of the property in question, for the purpose of obtaining the credit which was the foundation of the judgment, and it must further appear from the evidence that the defendants believed such representations to be true, and relied upon them in giving such credit." This instruction is merely a repetition of the preceding one in somewhat different language, and is as favorable to the plaintiff as the evidence in the case would admit of.

The eighth assignment is based upon the seventh instruction, also given by the court on its own motion, to-wit: "7. You are instructed in this case, if you find for the defendants you will assess them their adequate damages, which in this case would be the amount of the judgment on which the execution was issued, which in this case is admitted to be $539.24." The only possible objection to this instruction, which could arise, is as to whether it was admitted by the plaintiff, or not, that the amount of the judgment was as stated; and whether it was or not, it does not appear that the plaintiff was prejudiced by the instruction as given, for we have already seen that the amount of the judgment, interest thereon, together with the costs of suit and increased costs on the execution, must have amounted to about that sum. And the plaintiff him-

self testified, on his cross-examination, that the sheep levied on were worth $875.

The ninth assignment is based upon the giving of the third instruction asked for by the defendants, as follows: "Possession is *prima facie* evidence of title to personal property, and when such possession is coupled with other acts of ownership exercised for a term of years, it becomes conclusive, as to innocent purchasers or creditors in good faith without notice, who have extended credit on the faith of such ownership." The objection urged to this instruction is, that it was not based upon the evidence in the case, that there was no evidence of other acts of ownership by the plaintiff of the property in question, and that it left the jury to infer other acts of ownership not in the evidence. But the evidence does tend to prove acts of ownership on the part of plaintiff in reference to the band of sheep, other than mere possession. Of this character is the evidence of his declarations to J. A. Sparks, and of his statement to Hyde, and the evidence of his slaughtering, and marketing mutton, from said band of sheep This evidence, however slight, is sufficient, to my mind, to save the instruction, which is admitted to contain only correct principles of law, abstractly considered, from the objection made.

Upon the trial, the deposition of Richard W. Hyde was offered in evidence by the defendants. The following questions were objected to by the plaintiff, as incompetent, irrelevant, and immaterial, which objections were overruled. The witness had already answered, over like objections, that defendant told him that he had 1,400 or 1,600 sheep on his ranch. Witness supposed they were his.

Q. You may state, particularly, what was the reason and cause of this conversation with reference to said sheep?

A. Well, I was talking to and giving Mr. Towne my cattle for five years, and I asked Mr. Towne how he was

financially fixed to provide for those cattle. He told me that his wool crop and mutton crop provided for his family, and would be sufficient to provide for the cattle.

Q. Do I understand you to mean that what Towne told you with reference to his having these sheep, and being able to provide means by the sale of wool and mutton, caused you to trust him with your cattle?

A. Yes, sir. It was just the cause of my letting him have the cattle.

Before this deposition was offered in evidence, the plaintiff had offered testimony to prove that the sheep were generally understood in the community to be the property of Lee, and not of plaintiff, and that plaintiff had so stated to the witnesses. As tending to rebut this evidence, it was probably admissible to prove that he had held out to the witness, Hyde, that the sheep belonged to him. As to the last question, while I doubt the propriety of its admission as a strict question of law, I am not prepared to say that it is reversible error.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.