## Martin Nowotny et al. v. Mary Blair.

[Filed June 30, 1891.]

1. **Liquors: Damages: Pleading.** The *precis* of the statute, sec. 18, chap. 50, in an action against a licensed liquor seller, and his sureties, for injury by an intoxicated teamster, driving violently and negligently against the vehicle of plaintiff, *held*, to be a sufficient statement of the cause of action. (See Maxwell, Pl. & Pr. [1889], 308; *Kerkow v. Bauer*, 15 Neb., 154.)

2. **Review: Alleged Excessive Verdict.** That a verdict is excessive, and was rendered under the influence of passion and prejudice, assigned as an error in a civil action for review; *held*, that there must be some testimony or fact of record to support the conclusion.

3. **Trial: Challenge: Error Without Prejudice.** If a challenge to an incompetent juror be overruled, and he is afterwards peremptorily challenged and excluded, and the record fails to show that the party's peremptory challenge was exhausted, *held*, that the error of overruling the cause for challenge was without prejudice. (*Burnett v. B. & M. R. R. Co.*, 16 Neb., 332.)

Error to the district court for Butler county. Tried below before Marshall, J.

*A. J. Evans, M. Miller,* and *Harwood, Ames & Kelly,* for plaintiffs in error, cited: *Elshire v. Schuyler,* 15 Neb., 562; *Roberts v. Taylor,* 19 Id., 185; *Roose v. Perkins,* 9 Id., 315; *Jennings v. Simpson,* 12 Id., 558.

*Steele Bros., contra,* cited: *Elshire v. Schuyler,* 15 Neb., 561; *Hale v. Wigton,* 20 Id., 83; *Kerkow v. Bauer,* 15 Id., 154; *Roberts v. Taylor,* 19 Id., 184; *Palmer v. People,* 4 Id., 68; *Robinson v. Randall,* 82 Ill., 522; *Burnett v. R. Co.* 16 Neb., 332.

Cobb, Ch. J.

The plaintiff below and defendant in error, on December 15, 1888, brought her action against Martin Nowotny, J.

R. Jones, George Sheldon, and M. Demuth in the district court, alleging that on May 1, 1887, the defendant Nowotny procured a license from the city council of David City to sell malt, spirituous, and vinous liquors in that city. That as a condition of allowance of license, Nowotny, as required by law, executed and delivered to the city his undertaking to pay all damages, fines, and penalties that might be adjudged against him by reason of the sale of liquors. The other defendants were his sureties on the undertaking.

Second—The plaintiff alleged that on October 29, 1887, Nowotny, at his saloon in David City, sold and delivered to Frank Sedlock an intoxicating liquor commonly called beer, which Sedlock then and there drank, by reason of which he became intoxicated, and while so intoxicated carelessly and violently drove his wagon against the wagon of William Blair, the plaintiff's husband, wherein plaintiff was riding, and caused plaintiff to be thrown from her seat upon her back, greatly damaging and injuring her so that she has for more than a year been confined to her house, and most of the time obliged to remain in bed, and suffered intense pain both in mind and in body; that at the time of the injury, plaintiff was thrown from her seat in the wagon and fell across the back of the seat upon the small of her back, by reason of which her back was seriously injured, and she was so badly hurt as to be thrown into spasms and sinking spells, and her mind and nervous system were greatly injured and affected by her fall, and she has never recovered from her injury, but still continues to suffer, and is unable to attend to her household duties as a wife and mother; and she alleges that she is informed by physicians, and believes, that her injuries are such that she will never recover, and even if she continues to live, she will during the remainder of her life be compelled to suffer as an invalid, most of the time confined to her bed, to her damage $5,000.

The defendants, on February 15, 1889, answered, ad-

mitting that Nowotny procured a license to sell malt, spirituous, and vinous liquors, as alleged.

2. They deny each and every other allegation alleged.

There was a trial to a jury which, on September 24, 1889, returned a verdict for the plaintiff of $4,500.

On October 5, 1889, the defendant's motion for a new trial was considered and overruled, and judgment entered upon the verdict for $4,500, with lawful interest from that date and costs of suit, against all the defendants, to which exceptions were duly taken and the following errors assigned :

1. The verdict and judgment are excessive.

2. The same are not sustained by sufficient evidence.

3. The verdict appears to have been given under the influence of passion and prejudice.

4. The verdict is contrary to law.

5. Is contrary to instructions of the court, 2, 3, and 4, of its own motion.

6. Is contrary to the instructions.

7. Errors of law occurring at the trial and excepted to.

8. In giving instructions 1 and 2 at request of plaintiff.

9. In refusing instructions 3 and 4 at request of defendant.

10. In overruling challenge for cause of R. C. London, juror.

11. In overruling challenge for cause of D. P. Grice, juror.

12. In overruling defendant's motion for new trial on affidavits of newly discovered evidence.

The first objection offered, and argued, in the brief of the plaintiffs in error is, that the petition fails to state a cause of action; and that it is not alleged that the intoxication produced the injury complained of, but that the intoxicated man, Sedlock, carelessly and violently ran his wagon into that occupied by plaintiff, and thereby produced the injury.   Three elements of the action only are

14

stated: the intoxication and negligence of Sedlock, and the injury to the plaintiff. Counsel ask, does the injury necessarily follow from the allegation of intoxication? and is it enough to allege that the man Sedlock was intoxicated, and leave it to the court and jury to infer that he was therefore careless, or that therefore the accident happened and the injury followed? We answer these queries of counsel emphatically in the affirmative, under the proof submitted to the jury at the trial. This action is brought under chap. 50 of our Statutes, as follows:

"Sec. 18. TRIAL-EVIDENCE.—On the trial of any suit under the provisions hereof, the cause or foundation of which shall be the acts done or injuries inflicted by a person under the influence of liquor, it shall only be necessary to sustain the action to prove that the defendant or defendants sold or gave liquor to the person so intoxicated, or under the influence of liquor, whose acts or injuries are complained of, on that day or about that time when said acts were committed, or said injuries received. And in an action for damages brought by a married woman or other person whose support legally devolves upon a person disqualified by intemperance from earning the same, it shall only be necessary to prove that the defendant has given or sold intoxicating drinks to such person during the period of such disqualification."

The allegations of the plaintiff under this act are required to cover only those facts susceptible of proof. The urgent and pressing motive of the casualty and injury, beyond that of intoxication, is not required by the letter of the law. The statute was obviously framed to avoid the necessity of proof of the metaphysical instincts, and the abnormal conditions of an intoxicated secondary cause. The dealer or seller, the saloon keeper, is the first cause of injury, and is the subjective of the action. His sureties are consubstantial with him, and are equally responsible. The intoxicated and distracted party is the secondary cause

of injury, and may be supposed to have reimbursed the risk taken, in the sale of liquor to him by the principal defendant.

It may be doubted that in any case witnesses could be called, at a trial, to prove that the peculiar intoxication under investigation was the only motive for the injury, or that the same party, in sobriety, might not have precipitated a like casualty. These considerations are not believed to be within the purview of the law requiring all damages to be made good by the primary cause. The economy of the statute is that of temperance, decency, and restraint; and when these virtues are violated, through the sale of intoxicating liquors, by a licensed dealer, and injuries to person or property follow as incidents, the seller and his sureties must be prepared to be arraigned as defendants in a civil action.

"The right to recover," says the author of the work on "Pleading and Practice," of this state, "depends alone upon the statute," the *precis* of which are the allegations of the action;' and the author cites as an example, that in *Kerkow v. Bauer*, 15 Neb., 154, it was held that it was sufficient to plead and prove that the defendant sold or gave intoxicating liquor to the intoxicated person "whose acts or injuries by him inflicted are complained of, on that day, or about the time when the acts were committed, or the injuries to the plaintiff were received."

In the case of *Elshire v. Schuyler*, 15 Neb., 561, it was held that "The statute in effect declares the act of producing intoxication a wrong, and makes every one who has contributed to it by furnishing intoxicating liquor, a wrong-doer and liable."

The error of the insufficiency of the plaintiffs' cause of action, in the court below, is overruled.

The second objection made by the plaintiffs in error, and argued by counsel, is that the judgment is excessive, and was rendered under passion and prejudice, and under a

misapplication of the law.   The case of *Elshire v. Schuyler,* *supra,* is referred to, wherein it was also held that " In an action for the loss of means of support (through the intoxication of a husband) injury to the wife's health, caused by over-work, is not a proper element of damages." This precedent is too remote, and not analogous to the case at bar.   That action was brought by the wife for the loss of support from May 1, 1881, to April 28, 1882, and it was maintained that the plaintiff recover "for a day, a month, a year, or a longer period," but that the declining health from overwork of the plaintiff, which has been given in charge to the jury, was not an element of damages in that case, under the averments of the pleadings.   The wife's action was for loss of support merely.

The three surgeons who attended the plaintiff in the present case, for a considerable period, while she was bedridden from this casualty, established the fact of her permanent injury.   The nature of the casualty would impress that fact upon the common mind.   The admission of the Carlisle tables, as to the expectancy and value of the life of a healthy person, disabled as alleged, is not deemed prejudicial to the defendants, for a higher measurement might have befallen them; nor is it deemed reversible error as a legally sanctioned estimate of the value and expectancy of human life.   It is believed to be a legal and correct estimate of the subject to which its application was made, and was not therefore an error upon which the judgment of the court below will be reversed.

As to the objection that the verdict is excessive, and that it was rendered under the influence of passion and prejudice, there is very little for a reviewing court to say in the absence of any fact tending to support such conclusion.   Unless the verdict is preposterous, unreasonable, and absurd, rendered under instructions inconsistent and injudicious, it can hardly be characterized by the unchristian influences of passion and prejudice.   While there may

have been criminal convictions before juries controlled by such influences, from prejudices provoked by crime, we are slow to admit that they are allowed to influence the civil verdicts of the courts of this state.

We find neither the testimony of witnesses, nor any fact of record, tending to support the conclusion that the verdict is excessive, or that it ought not to be regarded as having been consistently rendered.

The counsel say: "Can it be said here, upon an impartial examination and careful weighing of the testimony, that the preponderance is clear, obvious, and decided, in favor of the plaintiff?" We think so, and say so, emphatically; but such a preponderance is not required in this case, by the rule cited by the plaintiffs in error, in *Jennings v. Simpson*, 12 Neb., 558, where the court held that to justify an *interference* with the finding of a court or jury, the preponderance of evidence must be with the affirmative party. The earlier, well-considered rule of this court still remains : "A verdict without evidence to support it should be set aside ; but if the evidence is conflicting, and the issues fairly submitted to the jury, the verdict should not be disturbed." (*Palmer v. People*, 4 Neb., 68.)

The question as to what degree of intoxication Sedlock, the instrument of injury, had reached, at the time of the casualty, was considered by the jury ; it was their peculiar province, and we would not be justified, in the face of the evidence, in opening that question against their verdict.

The second and third errors argued by counsel are overruled.

The fourth error argued in the brief is that of the overruling of the defendant's challenge for cause, to the juror Grice. We do not find from the record that such a juror was impaneled, or sworn, or that he was challenged peremptorily by the defendants, but the contrary appears. "If a challenge to an incompetent juror is overruled, and he is afterwards peremptorily challenged and excluded, and the

record fails to show that the party exhausted his peremptory challenges, the error in overruling the challenge for cause will be without prejudice," was held by this court in *Burnett v. B. & M. R. R. Co.*, reported in 16 Neb., 332. Under either alternative, and under any conditions of the record of this case, the fourth error would be overruled. All the errors assigned have been considered and are overruled, and the judgment of the district court is

AFFIRMED.

THE other judges concur.