CHARLES T. JENKINS v. WILLIAM MITCHELL.

FILED MAY 15, 1894.    No. 5332.

1. **Review:** ASSIGNMENTS OF ERROR. An assignment of error as to the giving *en masse* of certain instructions will be considered no further than to ascertain that any one of the instructions was properly given. *Hiatt v. Kinkaid*, 40 Neb., 178, followed.

2. **Replevin:** PLEADING: EVIDENCE. Under a general denial in replevin the defendant may show any facts tending to disprove the plaintiff's ownership or right of possession.

3. ———: INSTRUCTIONS. Therefore, where the defendant answered by a general denial, followed by a special pleading of facts admissible under the general denial, it was not error for the trial court in stating the issues to the jury to state the defense as consisting of a denial of the plaintiff's claims.

4. ———: PARTNERSHIP PROPERTY: BURDEN OF PROOF. The defense in an action of replevin being that plaintiff and defendant were partners and the property in controversy partnership property, the burden of proof is upon the plaintiff to establish his exclusive right.

5. ———: ———: VALUE OF POSSESSION. Where one partner, by a writ of replevin, takes partnership property from the possession of the other, the value of the latter's possession should be assessed at the full value of the property, as no accounting can be had in that action to determine defendant's actual interest.

6. **Jury:** CHALLENGES: REVIEW. Assignments of error based upon overruling challenges to jurors will not be considered unless the record discloses that the challenging party exhausted his peremptory challenges.

7. **Review:** ADMISSION OF EVIDENCE. Certain rulings upon the admission of evidence examined, and *held* not to be erroneous.

ERROR from the district court of Box Butte county. Tried below before KINKAID, J.

*Thomas Darnall, Charles T. Jenkins,* and *M. B. Reese,* for plaintiff in error.

*R. C. Noleman, contra.*

IRVINE, C.

This action was replevin by the plaintiff in error against the defendant in error for a number of law books and certain office furniture. The property was delivered to the plaintiff under the writ. The answer began with a general denial of all allegations not expressly admitted. It then alleged *in extenso* that the plaintiff and defendant were partners; that the property replevied had been purchased for the partnership and was partnership property. The trial resulted in a verdict and judgment for the defendant, from which plaintiff prosecutes error.

The first eight assignments of error relate to the giving and refusal of instructions. In the motion for a new trial error is assigned upon this subject as follows: "The court erred in giving the instructions 1, 2, 3, 4, 5, and 6 on its own motion, and duly excepted to by the plaintiff. Second —The court erred in refusing instructions 1 and 2 asked by the plaintiff, to which the plaintiff then and there excepted." Under these assignments, therefore, if any one of the instructions in either group so assigned *en masse* was correct, the assignment must be overruled as to that group. (*Hiatt v. Kinkaid,* 40 Neb., 178; *McDonald v. Bowman,* 40 Neb., 269.)

Looking first at the instructions given by the court of its own motion the first is as follows: "The jury is instructed by the court that plaintiff, by his petition, claims to have been the owner and entitled to the immediate possession of the chattels in controversy at the commencement

of this action. Defendant denies by his answer the claims of the plaintiff." This is one of the instructions particularly complained of, it being argued that it did not properly present the issues. We think that the instruction properly stated the issues. The plaintiff's right to recover depended upon his right of possession, and a denial by the defendant of plaintiff's allegations of ownership and right of possession was sufficient to admit any evidence going to defeat plaintiff's claim. (*Aultman v. Stichler*, 21 Neb., 72; *Richardson v. Steele*, 9 Neb., 483; *Merrill v. Wedgwood*, 25 Neb., 283; *Cool v. Roche*, 15 Neb., 24; *Towne v. Sparks*, 23 Neb., 142.) Indeed, the plea of property in defendant is mere matter of inducement to the traverse of plaintiff's claim of property and has been held not itself to be traversable. (*Reynolds v. McCormick*, 62 Ill., 412.) All the special matter pleaded might, therefore, have been stricken out and the general denial would have been sufficient to put in issue all the contested facts. It was not necessary for the trial court to state the immaterial portions of the pleadings, and the instruction quoted properly presented the issue.

Upon the assignment based upon the refusal of plaintiff's instructions it might be sufficient to say that the first instruction asked was a statement of the issues, and as we have held that the court correctly stated them, it was not error to refuse an instruction stating them in other language. By examining the second instruction, however, we are able to in effect consider several other arguments relating to the court's instructions which we are precluded from considering by themselves. By this instruction the court was asked to charge the jury that the burden of proof was upon the defendant to establish that the property replevied belonged to the partnership. This is not the law. The plaintiff undertook to replevy the property from the defendant. In order to prevail, it was incumbent upon him to show that he had at the commencement of the action the

right to the immediate possession of the property as against the defendant. The defendant was not required, in order to defeat the action, to show that there was any interest in himself. It is clearly the law, and this was conceded, that one partner may not maintain replevin against another for partnership property. If, therefore, it appeared that this was partnership property, the plaintiff must fail, and it devolved upon the plaintiff by a preponderance of the evidence to establish his exclusive right. To have instructed the jury that the burden was upon the defendant. by a preponderance of the evidence to show that the property belonged to the partnership would have been equivalent to saying that the presumption was in favor of the plaintiff's exclusive right and that he must recover unless the evidence preponderated against him.

One instruction given by the court related to the measure of defendant's recovery. While we cannot consider this assignment as such, the verdict conformed thereto, and the assignment that the verdict was contrary to law and the evidence may possibly be sufficient to cover the question raised. The jury found in accordance with this instruction, that the value of the property was $310, and the value of defendant's interest one-half that sum. Judgment was rendered for $155, together with interest. It is clear that in an action of replevin there can be no settlement of partnership accounts (*Chandler v. Lincoln*, 52 Ill., 74), and the court, therefore, could not determine in this action the exact interest of the defendant. It is probable that where a partner, by a writ of replevin, seizes partnership property in possession of the other partner, the judgment in such an action should be such as to restore the parties to their position before the action began, which would require, unless the property was returned, a judgment against the plaintiff for its full value, leaving their ultimate rights to that fund, as well as to others, for determination in a proper proceeding. Certain it is that the

plaintiff cannot be permitted in effect to succeed in replevin through the impracticability of maintaining a partnership accounting in such an action. If, then, the defendant is in such case entitled to any judgment and his precise interest cannot be determined, it would seem to follow that the judgment must be for the full value. The plaintiff was, therefore, not prejudiced by the court's directing the defendant's interest to be fixed at one-half that sum. The objection to this proceeding, which the plaintiff in error urges, is that such a judgment would constitute an adjudication as to this property which would be a bar to an inquiry in regard thereto in an accounting between the parties. If this result follows, which we do not determine, it must be because, by ignoring the partnership and asserting an individual ownership, he is estopped from thereafter asserting partnership rights. He is not estopped upon the principle of *res judicata*, for the sufficient reason that the issues would not be the same in the two actions. The replevin suit merely determines that he is not the exclusive owner, and that he was not entitled to possession as against the other. The judgment simply restores the defendant to the position he occupied before the plaintiff's wrongful act. A return of the property under the judgment would still leave it partnership property, to be considered in an accounting between the parties, and there is no reason why the payment of the value should not create a fund to be considered in the same way.

Error is assigned upon the refusal of the court to sustain challenges to two jurors for cause. We will not consider whether there was error in the court's rulings, for the reason that if there was it was without prejudice, the record not disclosing whether these jurors actually served or that the plaintiff exhausted his peremptory challenges. (*Palmer v. People*, 4 Neb., 68; *Burnett v. Burlington & M. R. R. Co.*, 16 Neb., 332; *Curran v. Percival*, 21 Neb., 434; *Nowotny v. Blair*, 32 Neb., 175.)

Jenkins v. Mitchell.

The remaining assignments refer to the · evidence. The following question and answer appear in the examination of the plaintiff: "I now hand you Exhibit F, and ask you what it is?   A. That is a note of $100, given to the State National Bank, Lincoln, signed by myself and father, which was in payment of the first note, and I borrowed some extra money to live on." This answer was stricken out on motion of the defendant, as immaterial. There had already been evidence tending to show that the plaintiff purchased the property in controversy in Lincoln for $285, paying $25 in cash and giving notes for $100 and $160, signed by plaintiff, defendant, and plaintiff's father, to secure the remainder; that the plaintiff and his father had made a note for $50 to the State National Bank, and from the proceeds of that note the $25 in cash had been paid.   There was no claim that the property originally belonged to the plaintiff and had afterwards passed to the partnership, but the question at issue was whether or not the purchase had been on behalf of the partnership. Who ultimately made the payment was immaterial to this question, except as it might throw light on the purpose of the purchase.   Confessedly, the cash payment had been made by the plaintiff from the proceeds of a loan secured by him and his father.   The fact that upon the maturity of that loan he borrowed further money from the same source and executed a new note extending the original obligation, could throw no light upon the issue.   The case was somewhat confusing to the jury at best and the trial court did right in refusing to permit this affair to be further traced.

Several assignments relate to the admission in evidence of the following document:

"ALLIANCE, NEB., Nov. 27, 1888.

"It is hereby mutually agreed by and between Chas. T. Jenkins and Wm. Mitchell, partners in the law business under the firm name of Jenkins & Mitchell.   Now this agreement witnesseth: That the said firm dissolve partner-

ship; that Chas. T. Jenkins assume all debts now owing by the partnership for books, rent, or other partnership business standing out at this date.

"In testimony of this agreement we have hereunto set our hands this 27th day of November, 1888.

" Witness."

The plaintiff admitted that the document was in his handwriting, and the defendant testified that it had been presented to him by plaintiff before the books were re-plevied, after a talk about dissolving the partnership. The objections made to this instrument and the evidence relat-ing to it were that it was "incompetent and immaterial, not signed, and prior to the time of bringing the action." It was competent as being in the handwriting of the plaint-iff, and there being evidence tending to show that it had been presented by plaintiff. It was material as an admis-sion that there were books belonging to the partnership, its weight for that purpose being for the jury. That it was not signed was no proper objection, it not being sought to enforce the instrument as an agreement, but evidently merely to offer it as an admission. That it was made be-fore the action arose, was rather in favor of its admission than against it.

The following question was asked of Col. Pace, from whom the property was purchased : " Is there any balance still due you for the books and to whom do you look for the pay, and what, if any, security do you hold?" An objection to this question was sustained. It was entirely immaterial to whom Col. Pace looked for his pay. He might have been entirely ignorant of the existence of any partnership and might have supposed that he was dealing exclusively with plaintiff, and as between him and plaintiff that may have been the case, but this would not affect the relations between plaintiff and defendant. This portion at least of the question was objectionable, and the ruling of the court was, therefore, right.

It was shown over plaintiff's objections that during the existence of the partnership plaintiff and defendant executed a chattel mortgage to secure a partnership debt upon a portion of the property in question. A copy of the mortgage was admitted, the objection as to its being a copy being waived, but its competency and materiality were objected to. We think that this evidence was competent and material, as in the nature of an admission that the books were partnership property.

There are several other assignments in relation to the admission and exclusion of evidence. Some relate to the exclusion of evidence which was afterwards admitted and remained undisputed, and the error was thereby cured. One answer was properly stricken out as not responsive to the question, and the substance of it was later admitted in response to a proper question. Some of the rulings were of the same nature as those already discussed and need not be again referred to.

It is assigned that the verdict was not sustained by the evidence. We have examined the evidence carefully, and think the verdict was in accordance with the clear weight thereof. There is no material error in the record and the judgment is

AFFIRMED.