N. N. BRUMBACK ET AL. V. GERMAN NATIONAL BANK
OF BEATRICE.

FILED DECEMBER 7, 1895.    No. 6228.

1. **Jurors**: CHALLENGE: REVIEW. It is the settled law of this state
that error cannot be predicated upon the overruling of a chal-
lenge to a juror for cause, when the record does not disclose that
the complaining party has exhausted all his peremptory chal-
lenges.

2. **Negotiable Instruments**: PRINCIPAL AND SURETY. When
a note is signed by the principal and four sureties, an agreement
between the principal and such sureties that it is not to be de-
livered to the payee until a certain other person signs as surety,
which condition is not complied with, constitutes no defense,
unless the payee had notice or knowledge of the agreement at
the time of the delivery, or of facts which should have induced
inquiry.

3. **Instructions**: REVIEW. It is not reversible error to refuse to
give an instruction not applicable to the evidence, or one which
has been covered by instructions given by the court on its own
motion.

4. **Judgment for Plaintiff in Action on Note.** *Held*, That
the evidence sustains the verdict.

5. **Trial**: VERDICT. It is not error to refuse to submit a form of
verdict to the jury which is not responsive to all the issues in
the case.

6. **Verdict**: OBJECTIONS TO FORM. Objections to the form of a
verdict should be made in the trial court at the time of its ren-
dition, to be of any avail in this court. *Roggenkamp v. Har-
greaves*, 39 Neb., 540, followed.

ERROR from the district court of Gage county.    Tried
below before BUSH, J.

*J. E. Cobbey*, for plaintiffs in error.

*George A. Murphy, contra.*

Norval, C. J.

This action was brought by the German National Bank of Beatrice against the plaintiffs in error upon a promissory note, of which the following is a copy:

"$1,500.                 Beatrice, Neb., May 1, 1892.

"Sixty days after date I, we, or either of us, promise to pay to the German National Bank, of Beatrice, Neb., or order, fifteen hundred dollars, value received, payable at the German National Bank in Beatrice, Nebraska, with interest at the rate of 10 per cent per annum from due.

> "Beatrice Rapid Transit & Power Co.,
>> "By N. N. Brumback, *Pres.*
>>> "L. E. Spencer, *Sec'y.*
> "L. E. Spencer.
> "N. N. Brumback.
> "S. K. Davis.
> "Chas. L. Schell."

The petition contains the usual averments. Two answers were filed, one by the Beatrice Rapid Transit & Power Company, and the other by the individual defendants. The answer of the corporation defendant avers, in effect, that it executed the note upon the understanding and agreement that plaintiff was to secure the signature of one G. M. Johnston to the note, and that the secretary and president of said defendant had no authority or power to sign said note upon any other condition, which fact was known to the plaintiff and its managing officer; that the note was only to be delivered upon Johnston's signature to said note being obtained by said plaintiff, and that said condition has never been fulfilled or carried out. The individual defendants answer setting up that they each signed the note as surety, and upon the express understanding that it should not be delivered and was not to be a binding obligation until the same was signed by each of the individual defendants and the said G. M. John-

ston; that the name of the latter was never procured, nor was the instrument ever delivered. The reply denies each averment in the answers contained. Upon a verdict being returned in favor of the plaintiff for the full amount of the note, the corporation defendant filed a motion for a new trial, and the individual defendants joined in another motion for a new trial upon substantially the same grounds, which motions were overruled, and judgment entered upon the verdict. Two petitions in error were filed, one by the corporation defendant, and one by the remaining defendants.

The first three assignments of error relate to the refusal of the court to excuse the jurors Fred Hallingsworth, M. S. Glass, and G. W. Martin, for the reason the *voir dire* examination of each disclosed that he was indebted to, and did business with, the plaintiff. Whether these persons were disqualified from sitting as jurors in the cause we will not stop to determine. Conceding, for the purposes of this case, that they were incompetent jurors, still a reversal cannot be had upon that ground, for two reasons: First, the record fails to show which party challenged the jurors for cause or excepted to the ruling thereon. If the challenges were interposed by the plaintiff, and the jurors were retained over its objection and exception, clearly the defendants are not in position to have the decision of the court thereon reviewed here. Again, it does not appear that the defendants either exhausted all, or availed themselves of any, of their peremptory challenges. For this latter reason alone, the error, if any, in the overruling of the challenges for cause is without prejudice. (*Palmer v. People*, 4 Neb., 68; *Burnett v. Burlington & M. R. R. Co.*, 16 Neb., 332; *Curran v. Percival*, 21 Neb., 434; *Nowotny v. Blair*, 32 Neb., 175; *Blenkiron v. State*, 40 Neb., 11; *Jenkins v. Mitchell*, 40 Neb., 664.)

The next three assignments, the fourth, fifth, and sixth, are as follows:

"4. The court erred in compelling defendants to exhaust their peremptory challenges in excluding the three jurors above named.

"5. The court erred in restricting defendants to three peremptory challenges.

"6. The court erred in forcing the defendants to exhaust their peremptory challenges in removing from the jury men who were under financial obligations to plaintiff."

Not one of the foregoing assignments is well taken, inasmuch as there is nothing in the record to indicate that the defendants were limited by the court to three or any other number of peremptory challenges, or that they challenged a single juror peremptorily. Error cannot be presumed, but must affirmatively appear, in order that a reviewing court may take cognizance thereof.

Assignments 7 to 19, both inclusive, relate to the giving and refusing of certain instructions, but only three of which, seventh, ninth, and tenth, are discussed in the brief of plaintiffs in error. The others will be regarded as waived.

It is insisted that the court erred in giving the following instruction at the request of the plaintiff:

"1. The court instructs the jury that though you may believe from the evidence that the makers of the note signed the said note with the understanding and agreement that one Johnston should sign the same, and that they should not be bound on said note unless said Johnston signed also, yet, unless the plaintiff bank had knowledge of this arrangement it would not bind them or be a defense to said note, and your verdict should be for the plaintiff."

A single criticism is made upon this instruction, and that is, it is inapplicable to the facts established on the trial. As to this point, counsel for plaintiffs in error, in the brief filed, says: "The undeniable evidence is that Spencer, one of the signers of the note, was made by the bank, defendant in error, its agent to secure the signatures of the other parties to the note, so that agreements or state-

ments made to him by the signers would be binding upon the bank, whether it had actual knowledge thereof or not." We have been unable to find a scintilla of evidence from which the inference can be drawn that the bank authorized Mr. Spencer, or any one else, to procure the signatures to the note. The note in suit was given in renewal of another note of the same amount signed by all of the plaintiffs in error and one Johnston for the sum of $1,500. All the individual signers of the note in controversy were stockholders of the Rapid Transit & Power Company. Spencer, being the secretary of the corporation, obtained the signatures to the note, and in so doing he acted for and on behalf of himself and his co-signers, and not as the agent of the payee of the note. So notice to Spencer was not notice to the bank. The debt was that of the corporation defendant, the other signers being sureties merely. The fact that it was the understanding or agreement between the makers of the paper that Johnston was also to execute the note as surety before the delivery thereof, is no defense, unless the payee had notice or knowledge of the condition at the time the instrument was accepted by the bank, and the court correctly so charged. (*Lombard v. Mayberry*, 24 Neb., 679; Brandt, Suretyship [2d ed.], sec. 402; *Deardorff v. Foresman*, 24 Ind., 481; *Merriam v. Rockwood*, 47 N. H., 81; *Stoner v. Millikin*, 85 Ill., 218; *Selser v. Brock*, 3 O. St., 302; *Passumpsic Bank v. Goss*, 31 Vt., 315; *Haskins v. Lombard*, 16 Me., 140.) Even though there existed such an agreement, and the bank had notice thereof, it would be no defense as to the principal maker, since its liability would not be changed by the fact that Johnston did not sign, as it had no right to look to the sureties for contribution. (Brandt, Suretyship, sec. 402.)

The defendants asked this instruction : " The jury are instructed that if they believe from the evidence that the note sued on was signed by the parties defendant in this action with the understanding that it was to be signed by

another party before becoming operative as a note, then they will find for the defendants." This request was given with the following modification: "If you find from the evidence that such understanding and such an agreement was made and entered into between the plaintiff and the defendants." The objection that the modification of the instruction was erroneous is, we think, fully met by what has been said in the discussion of the instruction asked by the plaintiff. The change or modification is not subject to the criticism made by the defendants below, that it was not called for by the evidence, and calculated to mislead the jury. The instruction as changed was not only applicable to the case, but considered in connection with the remainder of the charge fairly submitted to the jury the disputed questions of fact.

Error is assigned for the refusal of the trial court to give the defendants' second instruction, which was thus: "The jury are instructed that it was proper for the signers of the note in suit to make the taker of the note their agent to secure other signatures to the note, which were to be obtained by the plaintiff, as taker of said note, before said note became operative; and if the jury believe from the evidence that such agreement was made and was not carried out on the part of the plaintiff, then they will find for the defendants." Undoubtedly, where a note is executed and delivered to the payee and by him accepted upon the promise or agreement that the instrument should be subsequently signed by another as maker, the execution and delivery would not be complete until the signature of such other person had been procured, and the jury were so informed by the charge of the court. Defendants' second request was faulty, in that it assumes as a fact that the bank was to secure other signatures to the instrument after the delivery thereof. There is no evidence that the officers of the bank so agreed. There is evidence, it is true, tending to show that one person, Mr. Johnston, was also to exe-

39

cute the note, but there is in the record testimony disputing this.   So far as the instruction was correct, it was fully covered by the instructions given.

Complaint is made in the brief of the rulings of the court on the admission of testimony, but these decisions cannot be reviewed here, because of the insufficiency of the assignments relating thereto in the petition in error, the assignments being too indefinite to indicate the particular rulings claimed to be erroneous.

As to the sufficiency of the evidence to support the verdict, it is enough to say that without commenting upon the testimony at length, upon due* consideration of it all, we are satisfied that there is not an entire lack of evidence to sustain the finding and judgment.   There was a conflict in the testimony, but the weight to be given thereto was for the jury, and as a reviewing court we will not disturb the verdict, although we might have found differently had we heard the case originally.

The individual defendants asked the court to submit to the jury a form of verdict finding for them alone, which request was denied.   In this there was no error, since it did not find either for or against the corporation defendant. Plaintiff was, in any view of the case, entitled to a verdict against the Rapid Transit & Power Company and the draft of verdict prepared and submitted by the sureties was imperfect, in that it did not so provide.

Complaint is made of the form of verdict returned, which is as follows:

"We, the jury in this case, being duly impaneled and sworn, do find for the plaintiff and assess its damages at $1,601.25.                                    F. Ault,
                                                    "Foreman."

The verdict is not objectionable as being indefinite in not specifying who the finding is against.   The damages are assessed in favor of the plaintiff and against all of the defendants.   Nothing could be plainer.   Had the verdict

been in favor of some of the defendants and against others,. then it would have been necessary to specify which ones the finding was in favor of and which against. The verdict is the usual form of a general one in favor of the plaintiff. Again, objection was first made to the form of the verdict in the motion for a new trial. This was too late to be of any avail. Objection should have been made at the time of the rendition of the verdict. (*Parrish v. McNeal*, 36 Neb., 727; *Roggenkamp v. Hargreaves*, 39 Neb., 540.) Judgment is

AFFIRMED.