## STATE v. HAMMOND.

1. On the trial of the defendant for assault, the state's attorney stated that the place where the asasult was committed would be in issue, whereupon the court sustained the state's challenges to seven jurors who had previously served in the trial of another involved in the same affray, though such jurors stated that while they had formed an opinion as to whether the place where the altercation occurred was a highway, and still had such opinion, they had no opinion as to the guilt or innocence of the defendant, and would try the issue in the case fairly and impartially, and decide the same according to the law and the evidence, and that evidence that the place was or was not a highway would not affect their decision. Defendant objected to the challenges, and duly excepted to the court's excusing them, which necessitated the calling of talesmen to complete the jury. In the trial of the case, the character of the place where the assault occurred did not in fact become an issue. *Held*, that the sustaining of such challenges was prejudical error, entitling defendant to a new trial.

2. The fact that defendant did not exhaust all his peremptory challenges was not a waiver of such error, since, where jurors are erroneously excused on objection of the adverse party, the exercise or failure to exercise a challenge could not restore them.

3. Where the court erroneously sustains challenges to jurors over the objection of a party, who takes an exception at the time, the fact that he makes no further objection to the jury at the time it is sworn to try the cause is not a waiver of his exception, since his objection and exception at the time of the ruling excusing the juror is sufficient to protect his rights on appeal.

4. Where, in a prosecution for assault with a deadly weapon, the instrument used was of such a character that the court could not ·say as matter of law, whether it was or was not a deadly weapon, it was not error for the court to submit such question to the jury, without defining what constitutes a deadly weapon.

(Opinion filed June 12, 1901.)

Error in circuit court, Turner county. Hon. E. G. Smith, Judge.

Harry Hammond was convicted of assault with a deadly weapon, with intent to do bodily harm, and from an order granting his motion for a new trial, the state brings error.   Affirmed.

*John L. Pyle,* attorney general, *J. W. Edmunds,* state's attorney of Turner county, *Hosmer H. Keith* (of counsel), for plaintiff in error.

The presumption is, in the absence of any evidence to the contrary, that the defendant was satisfied with the jurors sworn, and by going to trial without making any objections to the jurors as sworn he waived the right to allege as error the rulings of the court in sustaining or overruling challenges for cause to the individual jurors or the manner in which the jury was impaneled.   State v. Decker, 51 N. E. 1009; Cornell v. State, 80 N. W. 746; Pierson v. People, 80 N. Y. 424; State v. Chapman, 1 S. D. 414; Emory v. State, 78 N. W. 150; Flynn v. State, 72 N. W. 373; Brumbach v. Bank, 65 N. W. 198; Palmer v. People, 4 Neb. 68; Burnett v. Railroad, 20 N. W. 280; Sullings v. Shakespeare, 9 N. W. 451; State v. McGraw, 49 Pac. 178; State v. Gordon, 48 Pac. 1061; State v. Stockman, 58 Pac. 1032; State v. McIntosh, 80 N. W. 349; Bish. Uni. Crim. Proc., § 117; State v. McMahan, 30 Pac. 1000.

*Alan Bogne, Jr.,* and *French & Orvis,* for defendant in error.

CORSON, J.   This case comes before us on writ of error sued out on behalf of the state.   An information was filed against the defendant, charging him with the crime of having made an assault upon one Harry Williams with a deadly weapon, with intent to do bodily harm.   The defendant was convicted, and subsequently, on his motion, a new trial was granted, and the object of this writ of error is to reverse that order.   The motion for a new trial was made upon the following grounds:   "The court erred in the decision of questions of law arising during the course of the trial.   That the verdict is contrary to law.   That the verdict is contrary to the evidence.   That the court misdirected the jury in matters of law."   The order of the court granting a new trial does not disclose the ground upon which the same was granted, and hence, if there is any legal ground shown by the record for granting a new trial, or if it does not appear that the court, in the exercise of its discretion, abused that discretion, the order must be affirmed.

In the specification of errors annexed to the bill of exceptions it is first assigned that the court erred in sustaining the challenge of the state to the juror H. A. Thompson, over the objection of the defendant.   The same assignment is made as to six other jurors who were excused by the court upon the same ground.   The juror Thompson, being examined by counsel on the part of the state, stated that he was a juror in the case of the state against Emmett Williams, tried the previous week, involving the same affray, and heard all the evidence in that case; that, under that evidence, he formed an opinion as to whether or not the place where the altercation occurred between the complaining witness and the defendant was a highway, and still had that opinion.   He was challenged for cause by the state.   The challenge was resisted by the defendant, and, in reply to questions on the part of the defendant's attorney, he stated

that he had no opinion as to the guilt or innocence of the defendant; that he would try the issues in the case fairly and impartially, and decide the same according to the evidence and the law; and that evidence that the place was or was not a highway, he thought, would not affect his decision in any way. To a question propounded by the court, he answered that he had an opinion as to whether the place where the altercation occurred was or was not a highway, but that he had no opinion as to the guilt or innocence of the defendant. The challenge was sustained by the court; it stating that, from the statements of counsel, the court was of the opinion that the question of a highway might become a material issue in the case, and for that reason it sustained the challenge, to which the defendant excepted. Substantially the same proceedings were had in relation to the other six jurors. It will be observed that the juror Thompson states that he had no opinion as to the guilt or innocence of the defendant, and that, if selected as a juror, he would try the issues fairly and impartially, and would decide the case according to the evidence and the law, and that he did not think that evidence that the place where the assault was committed was or was not a highway would affect his decision in any way. It will thus be seen that the juror had no opinion as to the guilt or innocence of the defendant, but that he did have some opinion as to whether or not the place where the offense was alleged to have been committed was or was not a highway, but that he would not be influenced by that opinion. It is quite evident from the proceedings that the court, in speaking of "statements of counsel," referred to the statements of the counsel for the state, and that it was not conceded by counsel for the defendant that such an issue would be presented in the case. It, however, appears from the record that no such issue was in fact raised upon the trial. It further appears that, by reason of these

seven jurors being excused, the names of the jurors in the jury box were exhausted, and that the sheriff was required to summon a number of talesmen from whom a jury to try the case could be completed.   It also further appears that neither the state nor the defendant exhausted all their peremptory challenges.   It is urged on the part of the defendant that the court, in excusing these seven jurors, and thereby compelling the defendant to be tried by a jury consisting in part of talesmen, committed an error for which he was entitled to a new trial, especially in view of the fact that the question of highway or no highway was not an issue on the trial, and that therefore the granting of a new trial by the court was proper.   It is contended on the part of the appellant, however, (1) that the court committed no error in excusing these seven jurors; and, (2) if there was error, it was cured by the fact that the defendant did not exercise all of his peremptory challenges, and did not object to the jury as finally impaneled.

In the view we take of the case, it is not necessary to decide the first question—as to whether or not there would have been error on the part of the court if an issue as to the highway had been raised on the trial; but in view of the fact that no such issue was raised, we are clearly of the opinion that the court was in error in sustaining the challenge on the part of the state to these jurors, and that the fact that the defendant had not exhausted all his peremptory challenges did not cure the error.   We have no reason to doubt the good faith of counsel for the state in representing to the court that the issue of a highway would be a material issue in the case, but it is nevertheless true that the court was misled by the representation of counsel, and thereby deprived defendant of a trial by such a jury as the law had provided.   The accused in a criminal case is entitled to a trial by a jury regularly and properly selected, and

when he is deprived of such a trial he is presumed to have been prejudiced. The statutes of this state have carefully provided the manner in which a panel shall be selected from the body of the county, and from which the jury shall be drawn to try any given case. The system is admirably designed to avoid all frauds and secret management, by selecting the twelve jurors out of the whole panel by lot. As we have seen, in the case at bar, by the ruling of the court, the jurors on the panel were exhausted, and several talesmen were selected by the sheriff, from whom the jury was completed. It is a matter of notoriety that talesmen, as a class, have not the inteligence of a regular jury, and are more accessible to influences of an improper character. A defendant, therefore, in a criminal action, should not be required to be tried by a jury composed either in whole or in part of that class of jurors, unless those composing the regular panel have been legally excused. And the contention that the defendant waived the error of the court in excusing these seven jurors by failing to exhaust all of his peremtory challenges is not tenable. Where a challenge interposed to a juror by a defendant has been improperly denied by the court, and the defendant excepts, his exception will not avail him, where he has not exhausted all his peremptory challenges, for the reason that, by failing to challenge the objectionable juror when he has an opportunity to do so, he is deemed thereby to have waived the exception. Brumback v. Bank, 46 Neb. 540, 65 N. W. 198; Palmer v. People, 4 Neb. 68; Blenkiron v. State, 40 Neb. 11, 58 N. W. 587; Jenkins v. Mitchell, 40 Neb. 664, 59 N. W. 90; Sullings v. Shakespeare, 46 Mich. 408, 9 N. W. 451, 41 Am. Rep. 166. But no such rule applies where a juror is improperly excused. In such case his failure to exercise all his peremptory challenges cannot affect his exception, as such challenge could not restore the excused juror or jurors. The defendant may

properly conclude that he prefers to be tried by the jurors who are in the box, rather than to trust to those talesmen who have been selected by the sheriff. The court, therefore, in view of all the circumstances, was undoubtedly right in granting a new trial. The trial developed the fact that the court had been led into an error by the incorrect statement of counsel, and it was clearly its duty to correct that error by granting a new trial. We have carefully examined the cases cited by the learned counsel for the state, but, in our view, they do not sustain the position contended for. The contention that the defendant was apparently satisfied with the jury from the fact that he made on objection to the same at the time it was sworn in, is not tenable. He had, through his counsel, objected to the excusing of the seven jurors by the court, and, when his objections were overruled, had taken his exception. He had done all that he was required to do to protect his rights, consistent with that courtesy due from counsel to the court. To have done more or gone further would have been treating the court with disrespect.

A further question is presented in this case that may properly be raised upon a new trial, and upon which, therefore, we will express our views at this time. It is contended on the part of the defendant that the court, in its charge to the jury, committed error in submitting to the jury the question as to whether or not the stick or club used in the affray by the defendant was a "dangerous weapon," without explaining to the jury what constitutes a dangerous weapon. We are of the opinion that the court correctly left this question to the jury. A "deadly weapon" may be properly defined by the court, but the law as to the court defining a dangerous weapon is not so well settled. In Bouvier's Law Dictionary (Rawle's Revision) a dangerous weapon is thus spoken of: "One dangerous to

life. This must often depend upon the manner of using it, and the question should go to the jury." Mr. Anderson, in his Law Dictionary, says: "In many cases the court may declare that a particular weapon was or was not a dangerous weapon; and, when practicable, it is the court's duty to do so. But where the weapon might be dangerous or not, according to the manner in which it was used or the part of the body struck, the question must be left to the jury." U. S. v. Small, 2 Curt. 243, Fed. Cas. No. 16,314; State v. Dineen, 10 Minn. 411 (Gil. 325); Doering v. State, 40 Ind. 58, 10 Am. Rep. 669. It is quite clear in the case at bar that the instrument used in making the alleged assault was of such a character that the court could not say, as matter of law, whether it was or was not a dangerous weapon. We are of the opinion, therefore, that the court very properly left the matter to the jury. The order of the circuit court granting a new trial is affirmed.