GRANVILLE ENSIGN, PLAINTIFF IN ERROR, V. CHARLES
E. HARNEY, DEFENDANT IN ERROR.

**Trial:** MISCONDUCT OF ATTORNEY. On the adjournment of a trial
from Saturday to Monday, two of the jurors in the case requested
as a favor and obtained from an attorney of one of the parties,
his horse and buggy to carry them home and return on the fol-
lowing Monday. A verdict having been returned in favor of the
attorney's client, it was set aside and a new trial awarded.

ERROR to the district court for Lancaster county.
Tried below before POUND, J.

*Lamb, Billingsley & Lamberston,* for plaintiff in error.

*O. P. Mason* and *L. C. Burr,* for defendant in error.

MAXWELL, J.

The trial of this case was commenced in the district
court of Lancaster county on the 1st day of June, 1883,
and continued for several days. On Saturday, June 2d,
about 4 o'clock P.M., the court adjourned until the following
Monday. Two of the jurors thereupon applied to one of the
defendant's attorneys for his horse and buggy to carry
them home, a distance of about 12 miles, and return on
the following Monday. The attorney readily complied
with their request. A verdict having been rendered for
the defendant, a motion for a new trial was filed, in which
this cause among others was assigned as ground for a new
trial. Affidavits were filed in support of the assignment,
and facts stated therein were admitted; the only defense
being that the transaction was open and above board, and
not done with the intention of exercising an influence on
the jurors, and in fact it did not have any influence upon
them in making up their verdict. It is also said that one
of the attorneys for the plaintiff in another case had loaned

his horse and buggy to a juror, and no complaint was made. We have only to deal with the case before us.

Jurors are chosen because they are supposed to be indifferent between the parties. At common law it was good cause for challenge that the juror had been an arbitrator on either side; that he had an interest in the cause; that there was an action depending between him and the party ; that he had taken money for his verdict; that he had formerly been a juror in the same case; that he was the party, master, servant, counselor, steward, or attorney, etc. 3 Blacks. Com., 363–4. And the common law in that regard prevails in this state.

Unless fair-minded, unbiased jurors can be selected, a trial becomes a mere farce, dependent not upon the merits of the case, but upon extraneous circumstances, such as the bias, prejudice, or interest of the jury. To determine the competency of a juror, an oath is administered to him and he is required to answer all questions touching his qualifications as a juror, not generally, but in that particular case. Great latitude is allowed in such an examination, and if it appears probable that the juror is not indifferent between the parties, he is excluded. Where a juror is accepted as being impartial, he must remain so during the trial. To permit him to accept favors from either party is to put him under obligations to such party, the tendency of which is to bias his judgment. Nor is it material that such favors were not intended to influence the juror, as it can not be determined how far they may have had that effect; and such misconduct will vitiate the verdict.

In *Tomlinson v. Derby*, 14 Am. Law Reg., 543, one of the jurors during the progress of the trial expressed an opinion as to the merits of the case to persons who were not on the jury, and the verdict was set aside. The court say (page 544):

"One of the jurors impaneled to try the case, suffered a person, other than a juror, to say to him, substantially,

while the case was on trial, that if the trial should continue fifteen or twenty days, and the plaintiff should recover five thousand dollars damages, he would have nothing left after paying the expenses of 'the suit. The juror assented to the statement, and said substantially that he had learned from a party out of court during the trial what were the expenses of running the superior court, and expressed his opinion, derived from information thus obtained, that the costs of the trial would amount to the sum of five thousand dollars.

" The same juror made on another occasion, to another party not a juror, during the progress of the trial, substantially the same statement, that if the plaintiff should recover five thousand dollars there would be nothing left after paying the expenses of the case. The same juror had other conversations with other parties not of the jury, and during the progress of the trial, and to one of them he narrated the substance of the evidence as far as it had been given.

" Since the case of *Bennett v. Howard*, 3 Day, 219, the law of this state has been that where a juror has had conversation with a party not of the panel respecting the case on trial, it is sufficient cause to set aside the verdict, unless it appears that the successful party in the suit has not been benefited by the juror's misconduct, or the losing party injured. 1 Swift's Digest, 775. *State v. Watkins*, 9 Conn., 47. *Pettibone v. Phelps*, 13 Id., 445. *Hamilton v. Pease*, 38 Id., 115. The whole tendency of the misconduct in this case was to benefit the plaintiff and injure the defendant, and it is highly probable that it operated to enhance the amount of damages the plaintiff recovered."

The same may be said of the acts complained of in this case, and as the tendency was to benefit the prevailing party, the verdict must be set aside.

There are other errors assigned in the record to which it

is unnecessary to refer, as a new trial must be had. The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.