GRANT BURNETT, BY HIS NEXT FRIEND, LUCY G. BURNETT, PLAINTIFF IN ERROR, V. THE B. &. M. R. R. CO., DEFENDANT IN ERROR.

1. **Juror:** EMPLOYE OF RAILROAD INCOMPETENT. An employe of a railroad is incompetent to sit as a juror in a case where the company is a party.

2. ——: ERROR WITHOUT PREJUDICE. If a challenge to an incompetent juror is overruled, and he is afterwards peremptorily challenged and excluded, and the record fails to show that the party exhausted his peremptory challenges, the error in overruling the challenge for cause will be without prejudice. *Palmer v. The People*, 4 Neb., 68. *Freeman v. The People*, 4 Denio, 10.

3. **Railroad:** PERSONAL INJURIES: NEGLIGENCE. G., a boy between ten and eleven years of age, while walking on a railroad at a point where there was no thoroughfare, by accident stepped between the guard and main rail at a switch, and was unable to extricate his foot, and a switch engine being turned on to that line, ran over and crushed his foot. *Held*, That if the employes of the company, after becoming aware of the perilous condition of the plaintiff, by the exercise of a reasonable degree of care could have prevented the injury the company was liable.

4. **Evidence Inadmissible.** Certain evidence held to have been improperly admitted.

ERROR to the district court for Cass county. Tried below before MORRIS, J., sitting for POUND, J.

*A. N. Sullivan* and *J. B. Strode,* for plaintiff in error, on competency of juror, cited: Profatt Jury Trial, 177. *Hathaway v. Helmer,* 25 Barb., 29. On negligence, cited: 1 Thompson, 157, *et seq.,* Id., 1105, 1108. *Thurber v. Harlem Bridge,* 60 New York, 326. *McGovern v. N. Y. Central,* 67 Id., 418. Cooley Torts, 675. *New Haven v. Vanderbilt,* 16 Conn., 421.

*T. M. Marquett* and *J. W. Deweese,* for defendant in error, cited: 2 Rorer Railways, 1032. *Allyn v. Boston,* 105 Mass., 77. *Butterfield v. Western,* 10 Allen, 532. *Burns v. Boston,* 101 Mass., 50. *Mullherrin v. Delaware R. R.,* 81 Penn. State, 366.

MAXWELL, J.

This action was brought by the plaintiff against the defendant, to recover for personal injuries alleged to have been caused by the negligence of the employes of the defendant in running one of its locomotives. On the trial of the cause in the court below, a verdict was rendered in favor of the defendant and the action dismissed. The first error assigned is in overruling the challenge to one B. Humpall, called as a juror. The examination of Mr. Humpall is as follows:

Q. Are you in the employ of the defendant at present?
A. I am, sir.

The attorneys for the plaintiff thereupon challenged the juror for cause.

Q. By the court. What position do you occupy?
A. I work in the carpenter shop.

Q. By the court. Are you of your own knowledge acquainted with any of the facts in this case?

A.  I am not.

Q.  By the court.  Do you have any opinion at the present as to which party should prevail?

A.  No.

Q.  By the court.  Have you ever formed or expressed an opinion as to which party should prevail?

A.  No.

Q.  By the court.  Have you any bias or prejudice in favor or against either of the parties to this action?

A.  No, sir, that I know of at present.

The challenge was thereupon overruled, to which the plaintiff excepted.

A note is made in the record by the judge, that after the challenge for cause was overruled by the court the plaintiff peremptorily challenged the juror B. Humpall, who was thereupon excused.

At common law it is good cause for challenge that a juror is next of kin to either party within the ninth degree; that he has been an arbitrator on either side; that he has an interest in the cause; that there is an action depending between him and the party; that he has taken money for his verdict; that he has formerly been a juror in the same cause; that he is the party's master, servant, counselor, or attorney.  3 Black. Comm., 363.  And the common law in that regard is in force in this state.  *Ensign v. Harney*, 15 Neb., 330.  Jurors must be indifferent between the parties and have neither motive nor inducement to favor either.  The fact that the defendant is a corporation does not change the rule nor render an employe eligible to sit on a jury in an action where the corporation is a party.  The court therefore erred in overruling the challenge.  But as it appears that the juror was challenged peremptorily and excluded from the jury, and the record fails to show that the plaintiff exhausted his peremptory challenges, it was error without prejudice.  *Palmer v. The People*, 4 Neb., 68.  *Freeman v. The People*, 4 Denio, 10.

2. Dr. Livingston, of Plattsmouth, the defendant's principal surgeon, was called as a witness for the plaintiff, and testified to the extent of the injuries. He was then asked by the defendant's attorney whether or not his services for attendance on the boy were paid for by the boy or his mother or any one for them. The plaintiff's attorneys objected to the question, because there was no claim for compensation for such services. The objection was overruled, and he answered that, "The treatment and all the supplies necessary to the treatment were supplied without cost to the patient."

Q. That is the rule in all cases?

A. That is the rule in all cases.

Had there been any claim in the petition for compensation because of money expended for this purpose, the question would have been proper. But nothing is claimed on that ground, and the answer must have been prejudicial by diverting the attention of the jury from the real question at issue.

3. It appears from the record that in August, 1882, the plaintiff, who was then between ten and eleven years of age, was walking on the defendant's railroad track in the city of Plattsmouth, at a point on or near Second street, about thirty-three feet north of the north line of Main street. Second street at that point is covered with railroad tracks and is not used by the public at large. The defendant's depot is a short distance east of Second street, and a few feet south of Main street, and persons in passing to and from the depot are compelled to cross nearly all of said tracks. The plaintiff in his testimony states: "I was walking along the track and my foot slipped into the guide rail and got fast there, and the engine was standing still, close to where the switchman was. And I stood there and when I saw the engine coming it was on the track that goes to the river. He came to the switch."

Q. Who came to the switch?

A.   Mr. Lee Parker.   He put the switch on my track. He got on the engine and jumped off again and caught me, and the engine went over me and never stopped till it got even with the other side of Main street.

He also states that he was thirty or forty feet from the switch at the time of the accident, and that when the switch was turned for the engine to pass over the track he hallooed and attracted the attention of a number of persons; that the switchman ran to him ahead of the engine and tried to extricate him, but finding that he was unable to do so pulled his body over from the track, the injury sustained being the crushing of the foot, which was afterwards amputated, the heel being saved.

The fifth instruction given by the court on its own motion is as follows:  "Although the jury may believe from the evidence that the defendant was guilty of negligence upon the occasion in question, which contributed directly to the injury complained of, yet if you further believe from the evidence that the plaintiff was also guilty of negligence which contributed directly to the injury, then the plaintiff cannot recover in this suit, unless the jury further find from the evidence that the conduct of the defendant's servants was malicious and willful, or wantonly reckless, showing an utter disregard of the rights of the person of the plaintiff."   This instruction was clearly erroneous.   It entirely takes away from the jury the question of care on the part of the defendant.

The rule is well settled that a party who is injured by the mere negligence of another cannot recover for the injury if he by his ordinary negligence or willful wrong proximately contributed to produce the injury complained of, so that but for his co-operating fault it would not have occurred, except where the proximate cause of the injury is the omission of the defendant after becoming aware of the danger to which the plaintiff is exposed to use a proper degree of care to avoid injuring him.   S. & R. on Neg., §

25. *C. C. & C. R. Co. v. Elliott*, 4 O. S., 474. *Brown v. Hannibal, etc., R. R. Co.*, 50 Mo., 461. *R. R. Co. v. Davis*, 18 Geo., 679. *Cooper v. Cent. R. R. Co.*, 44 Iowa, 134. Cooley on Torts, 674. *Truro v. R. R. Co.*, 24 Vt., 487. *Isbell v. R. R. Co.*, 27 Conn., 393. *Hicks v. R. R. Co.*, 64 Mo., 430. If, therefore, the employes of the defendant in charge of the locomotive, after being aware of the perilous condition of the plaintiff, did not exercise a reasonable degree of care to prevent the injury, the defendant cannot rely on the plaintiff's negligence to defeat a recovery. Some of the instructions asked should have been given, but as they are within the rule above stated it is unnecessary to review them.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.