FRED. S. JOHNSON ET AL., PLAINTIFFS IN ERROR, V. JACOB GREIM, DEFENDANT IN ERROR.

**Trial:** MISCONDUCT OF PARTY. When a jury was sent in charge of a bailiff of the district court, with the sheriff and county surveyor, a distance of eight miles to view and examine real estate alleged to be damaged by the overflow of water, and while examining the land, it being noon, the bailiff, by order of the sheriff, procured and caused dinner to be served at the house of defendant in error, without his solicitation or the solicitation of the jury—there being no other convenient place to procure it—the dinner being obtained by the bailiff, to be paid for by him, and where, in such case, it was affirmatively shown that defendant in error had no conversation with the jury upon the subject of the case on trial, it was *Held*, That no misconduct on the part of the defendant in error or of the jury was shown which would require a new trial.

ERROR to the district court for Seward county. Tried below before POST, J., sitting for NORVAL, J.

*R. S. Norval,* for plaintiffs in error.

*D. C. McKillip,* for defendant in error.

REESE, J.

There is but one question involved in this case. The question for trial in the district court was the amount of damages suffered by defendant in error by reason of the overflow of his land along the course of a stream—occasioned by the construction of a mill-dam by plaintiffs in error. Upon the trial the jury were sent to view the land. The distance was about eight miles. After their return they were instructed by the court, and, after consideration, returned a verdict assessing the damages at eighty dollars. Plaintiff in error then moved for a new trial, assigning among other grounds therefor the misconduct of the de-

fendant in error in giving and of the jury in receiving a dinner at the house of defendant in error. The motion was supported by the affidavit of the attorney of plaintiff in error based upon information from the jurors. Counter affidavits were filed by the defendant in error and by the bailiff who accompanied the jury. The motion for a new trial was overruled, and a judgment entered upon the verdict of the jury. Plaintiff in error assigns this ruling for error in this court.

From the affidavits submitted upon the hearing of the motion, the district court could properly find the facts to be that the sheriff, bailiff, county surveyor, and jury went to the premises of defendant in error. While there, it being noon, the sheriff ordered the bailiff to procure dinner for the jury and officers. They all went to the house of defendant in error, upon the land, for that purpose. Defendant in error refused to allow the jury to eat at his house, but upon being assured by the sheriff that no harm could result, he proposed leaving the house while the jury remained. He was again informed that such action was not necessary, but that he should refrain from any conversation with, or in the presence of, the jurors upon the subject matter submitted to them. There was no other convenient place where the bailiff could provide dinner for the jurors and officers, and under the direction of the sheriff he procured it as he would " have taken them to a hotel, expecting to pay for it." The bailiff had the jury in charge at all times, and defendant in error was not with them and had no conversation with them except while at dinner, and then not upon any matter connected with the case on trial.

The district court could, and perhaps did, find that the dinner was not furnished the jury by the defendant in error. They were under the charge of the officer accompanying them. He had been instructed to provide food for them. He did so. Had it been convenient for him to have procured it elsewhere he should have done so. But

it was not. The jury were placed under no possible obligations to defendant in error. It being the duty of the bailiff to provide them with food, it was of no concern to them as to where or of whom he procured it. The evidence shows that defendant did not go with the jury to the land, nor speak to them about it.

The case of *Ensign v. Harney*, 15 Neb., 330, is relied upon by plaintiff in error as a case in point, and it is insisted that the rule stated in that case must result in a reversal of the judgment in this case. But such is not our view. It that case a favor was received by the juror directly from the counsel of one of the parties, and the court says, "to permit him to accept favors from either party was to put him under obligations to such party, the tendency of which was to bias his judgment." As we have seen, the rule there laid down has no application to the case at bar. There was no misconduct on the part of defendant in error. It is not shown that he furnished the dinner to the jury or caused it to be furnished. There was no misconduct on the part of the jury for they received no favors at the hands of defendant in error. No undue or improper influence was exerted over them, and they were not in a position which made them liable to such influence. *Wilson v. Abraham*, 1 Hill, 210. Hilliard on N. T., 204, § 8.

No error appearing in the record, the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.