R. E. AUSTIN, Administrator, Appellant, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.

**Instructions Construed:** RAILROADS. One charge was: Evidence of custom and of how switches on this and other roads are constructed has been admitted as tending to show whether defendant had; in building this particular switch, acted with reasonable prudence. The next said: But such custom and practice is of no avail if the practice or custom are of themselves negligent. *Held*, there is no contradiction, and both together properly hold that such evidence is competent to show diligence, providing the custom followed is not itself an act of negligence. *Hamilton v. Ry.*, 36 Iowa, 38, and *Hosic v. Ry.*, 75 Iowa, 683, *distinguished.*

*Appeal from Wapello District Court.*—HON. E. L. BURTON, Judge.

THURSDAY, JANUARY 17, 1895.

Action for personal injuries on defendant's road. There was a verdict and judgment for the defendant, and the plaintiff appealed.—*Affirmed.*

*W. A. Work, Struble & Stiger,* and *J. F. Blake* for appellant.

*T. S. Wright, Wm. McNett,* and *J. W. Lewis* for appellee.

Granger, J.—Plaintiff's intestate was a minor, some nineteen years of age, in the employ of defendant company as a brakeman on freight trains. At Ottumwa, Iowa, January 4, 1890, while attempting to

uncouple two freight cars, he fell, and was run over and killed. The negligence charged against the company is in the construction of its roadbed. The place where plaintiff's intestate was killed was at a switch, and the particular complaint is as to the construction of the switch in not filling in between the ties or under the switch bars, and that the switch bars were not placed between the ties at equal distances. A theory of the defense was that its manner of constructing the switch was the usual and customary manner of well-managed roads, and that the space under the switch was necessary for the purpose of having the bars move freely, and to prevent filling in by snow and ice, so as to affect the operations of the switch.

The District Court admitted testimony in support of this theory of the defense, and also gave the instructions for the application of the facts it found. Of the evidence admitted and the instructions the plaintiff complains. The instruction directly assailed is the twentieth of the series given by the court. We think, to a fair understanding of the law on this particular branch of the case, as expressed by the court, the instruction preceding and the one following the one assailed should be given, and we quote the three, as follows:  "(19) It was the duty of the defendant to exercise reasonable care to so construct its switch, at the point where the plaintiff's intestate is alleged to have been injured, as to avoid all unnecessary danger to its employes; and if you find from the evidence that it neglected to do so, and the deceased, E. J. Clark, was injured in consequence of such neglect, without negligence on his part contributing thereto, then the defendant is liable in this action.  (20) The defendant claims that in the construction of said switch it was not negligent; that it constructed said

switch and its surroundings in the ordinary and customary way; that the custom of building switches by the defendant and other well-managed railroads was to have a space under the switch bars of from two to four inches, for the purpose of having said bars move freely, and to prevent filling by snow and ice; and that in so constructing said switch it was acting in an ordinarily prudent and careful manner, and that it was not guilty of negligence. The court has permitted evidence of custom, and as to how other switches on defendant's road and other railroads in the city are constructed, as custom might tend to show whether or not the defendant had in the construction of the switch in question, acted as a reasonably prudent man would have done; and if you find that the defendant was not negligent in the construction of said swtich, then you should find for the defendant. (21) But, as you have been told, the custom or practice of railroad companies in building their switches, or in operating their roads, will not excuse from liability for injuries sustained, if such practice or custom is of itself negligent and disregards the safety of the employes. In such case it would be nothing more than negligence practiced habitually by such corporations." The complaint is that the last instruction quoted "lays down a rule exactly contrary to that given in one preceding it." The purport of the last instruction was, evidently, to guard the jury against a misapplication of a preceding one, by telling it that the custom of roads in the construction of switches could not affect plaintiff's right of recovery if it appeared that the manner of construction shown by the custom was "of itself negligent." If not of itself negligent, then it could be considered in determining whether or not the defendant's agents, in observing such a custom, acted as reasonably careful and prudent men. An act

of construction, in such matters, may be said to be, of itself, negligent, when, with the purposes of construction in mind, together with the hazards of its use, a better plan is apparent.    If no better plan is apparent, the party is left to inquiry and determination as to what course of conduct will give him legal protection; or, in other words, what course of conduct will amount to diligence.    The instructions give the rule that if in such inquiry and determination they adopt the custom of other well-managed roads in the same particulars, that fact may be considered in finding whether or not they acted as reasonably careful men.    It seems to us that, under such conditions, it is the common experience of mankind to be governed more or less by the experience of others.    It is a line of inquiry nearest to a demonstration of what is best.    In fact, were roads constructed in these particulars without inquiry to know the results of time and experience, that fact alone would be strong, if not conclusive, evidence of negligence.    We discover nothing contradictory in the instructions, but, on the contrary, they seem to express pertinently and aptly a wholesome rule of law.

The case of *Hamilton v. Railroad Co.*, 36 Iowa, 38, is cited as opposed to the rule adopted by the court. That case aids our consideration materially.    The negligence there charged was in loading timber on an open car.    It was so loaded that the ends of the timber projected beyond the ends of the car, and a safer plan, in view of all the interests to be considered, was apparent.    These timbers could have been placed on the car in a manner to have avoided additional danger, because of them, in coupling the cars.    However general might have been a custom of so loading cars, both the danger and the better plan of loading would have been apparent; and hence the act was "of itself negligent." A rule of the usual custom as to loading timbers, was

asked in that case, and refused, on the ground that one company could not be excused from the consequences of its negligence because of the negligent acts of others. Nor should such negligent acts be considered in determining the fact of negligence. In this case, it seems to us, the court has preserved the rule of that case in the last instruction quoted, wherein it says: "The custom or practice of railroad companies in building their switches, or in operating their roads, will not excuse from liability for injuries sustained, if such practice or custom is of itself negligent and disregards the safety of employes." It will be seen, by a reference to the *Hamilton Case*, that the court treats the customary acts sought to be proved as of themselves negligent, and no other thought is indicated in the division of the opinion in which the question is considered. The negligence sought to be attributed is in leaving the switch in a condition to be dangerous to employes. Mr. Justice Beck wrote the opinion in the *Hamilton Case*. He also wrote the opinion in *Cooper v. Railroad Co.*, 44 Iowa, 134, also an action for personal injuries against a railroad company, in which he expressed the views of the court in the following language: "What men, experienced in business attended by dangers, usually do to avoid such dangers should certainly be considered in determining the care proper to be exercised in avoiding accidents. In all affairs of life we are taught by experience, and the wise man will adopt the experience of others. The witness in this case testifies as to the care usually exercised by those conducting trains run under the circumstances attending the one upon which the intestate was injured. This would certainly be proper evidence upon the question of care exercised by the defendant's employes." The acts of negligence charged in the *Cooper Case*, unlike those in the *Hamilton Case*, were not such that, even though

they were in accord with a general custom, they could
be said to be negligent; but they were of a kind that
the better or safer course was one of doubt or uncer-
tainty, when the experience of others may be valuable
in avoiding mistakes or negligence.    The case of *Kelly
v. Railway Co.*, 28 Minn. 98, 9 N. W. Rep. 588, was for
injuries resulting from the negligence of the company
to keep in a safe condition a highway crossing.    In
that case the plaintiff, to show the negligence of the
company, was permitted to show "how the planks of
these railroad crossings were usually laid."    The
court said:    "Evidence as to the manner in which the
planks were usually laid at the crossings was compe-
tent.    The degree of care which was required of
defendant, in maintaining this crossing, being that
which men of ordinary prudence would usually exer-
cise under the circumstances, evidence as to the man-
ner in which such crossings were usually constructed
was competent, although, of course, not conclusive,
evidence against defendant on the question of negli-
gence."    If such a rule is available for plaintiff to show
negligence against the company, it certainly would be
available to the company to show its diligence.    *Smith
v. Railroad Co.*, 69 Mo. 32, was a case for personal inju-
ries to a brakeman by having his foot caught in a guard
rail, when uncoupling cars, and the claimed negligence
was as to the kind of rail used by the company.    The
following instruction was asked:    "If the evidence
shows that the defendant used, at the place where
plaintiff was hurt, the most approved style or kind of
tracks and guard rails, and that the same were in gen-
eral or universal use in this country, or this part of the
country, and that the same were placed or located in
the usual or approved methods in use by the best con-
structed and conducted roads of the country, then, in
such case, the plaintiff cannot recover."    The court

held that it should have been given. It is a broader rule than is contended for in this case, because it seems to sanction a rule that such an observance of a general custom is conclusive as a defense, while in this case the court merely permitted the fact to be shown as tending to show diligence. There is a large number of cases from different states more or less directly sustaining the rule we announce. The case of *Hosic v. Railroad Co.*, 75 Iowa, 683, 37 N. W. Rep. 963, is cited against the rule of the court. That case announces the rule of the *Hamilton Case*, and cites it. Note its language: "Under the charge of the court, the jury must have found that the defendant was negligent in not providing a footboard for the car in question. This being true, the fact that such negligence was usual or customary would not relieve the defendant from liability for its consequences." It was a case where the negligence was so apparent that the jury must, under the charge of the court, find it. Negligence being found, other negligence would not excuse it, however common. Other cases are cited by appellant to which we need not refer. When carefully considered, with the facts to which the rules apply, the rules of law announced are not against our conclusion. We think the court did not err in admitting the evidence or giving the instruction, and the judgment is *affirmed*.