PADUCAH, ETC., RAILROAD *v.* MUZZELL.

(*Jackson.*    June 21, 1895.)

JURY.    *Examined on oath as to qualifications.*

It is reversible error to compel a party to pass upon a juror without permitting his examination upon oath touching his qualifications.

Code construed: §§ 4778, 4782 (M. & V.); §§ 4003, 4007 (T. & S.).

Cases cited: Williams *v.* Godfrey, 1 Heis., 299; 111 Ind., 59; 15 Neb., 330.

---

FROM HENRY.

---

Appeal in error from Circuit Court of Henry County.    W. H. SWIGGART, Judge.

FARABOUGH & LAMB for Railroad.

J. N. THOMASON for Muzzell.

BEARD, J.    When this cause was called in the Court below, and the jury was about to be impaneled, the plaintiff in error moved the Court for leave to examine each juror as he was tendered upon his voir dire, as to his competency.    This motion was overruled by the trial Judge, who stated, however, that the juror so offered might be interrogated so as to test his qualification, but not under oath.

Paducah, etc.. Railroad *v.* Muzzell.

This refusal of the trial Judge was error. Perhaps no right recognized and enforced by the common law has been more sedulously and jealously guarded in England and those States of the Union where this system prevails than the right of trial by jury. So highly has this right been esteemed in Tennessee, that in each one of the constitutions framed and adopted in this State it has been provided, as it is in the present one, "that the right of trial by jury shall be inviolate." It is apparent, however, that this right is valuable only in so far as methods are adopted and successfully applied to secure independent and disinterested jurors, and that, if the jury box is to be filled with partial, biased, and interested parties, then this constitutional provision is of no value.

As is said in *Ensign* v. *Harney*, 15 Neb., 330 (18 N. W., 73): "Unless fair-minded, unbiased jurors can be selected, a trial becomes a mere farce, dependent, not upon the merits of the case, but upon extraneous facts, such as the bias, prejudice, or interest of the jury." To avoid such a result, and to give assurance to suitors that they shall have, as far as the law in its wisdom can provide, impartial triers of the disputed questions of fact arising between them, the statute has prescribed certain definite disqualifications, which, existing and not waived, will exclude one from the panel, and then, out of abundant caution, authorizes the Court to enforce exclusion upon discovering "any other reasonable or

proper cause'' of a disqualifying nature.   M. & V.
Code, §§ 4778, 4782.   It is the right of the litigant
to subject to a rigid examination every man pre-
sented to him as a juror, to sift his conscience, with
a view of ascertaining whether any legal reason ex-
ists why the party in question should not be per-
mitted to sit on the trial of the cause.   And there
is no way by which this can be done so effectually
as by requiring the tendered juror to be examined
on his voir dire.   This ''principle is so plain and
just that it needs little more than a bare statement.''
*Pearcy* v. *Insurance Co.*, 111 Ind., 59 (12 N. E.,
98.)   Yet, we will add that the rule herein announced
is the logical result of the opinion of this Court in
*Williams* v. *Godfrey*, 1 Heis., 299.

The case is reversed and remanded.