M. P. HALL, as Trustee for the Use and Benefit of EDWARD W. GRIFFITHS, JR., v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

Railroads: NEGLIGENT CONSTRUCTION OF TRACK: EVIDENCE. Where it cannot be said as a matter of law that the construction of a railroad track is inadequate for the safety of employees, it is competent, in an action for negligence on that ground, for the company to show the usual practice of other roads in constructing their tracks, and the question of negligence at the point in question is for the jury.

Same: INSTRUCTIONS. Where the court instructed upon the question of assumption of risk and also told the jury that plaintiff could recover if it found that he was injured by the negligent moving of the cars and because of improper filling between the ties, the question of negligent construction of the track was an issue, and a refusal of competent evidence on that question was prejudicial error.

*Appeal from Linn District Court.*—HON. MILO P. SMITH, Judge.

SATURDAY, MAY 9, 1908.

REHEARING DENIED, THURSDAY, OCTOBER 29, 1908.

SUIT to recover damages for a personal injury. There was a verdict and judgment for the plaintiff. The defendant appeals.—*Reversed.*

*Carroll Wright, J. L. Parrish* and *Grimm, Trewin & Robbins,* for appellant.

*Main & Griffiths* and *Dawley & Wheeler,* for appellee.

SHERWIN, J.—Edward W. Griffiths, Jr., was a brakeman on one of the defendant's freight trains, and while attempting to uncouple cars on a side track, his right foot was run over and so injured as to require amputation. It was alleged that the defendant was negligent in starting the cars back without a signal from Griffiths; that they were started back without his knowledge and consent, and without warning him; that the roadbed at the point of the accident was defective because there was not sufficient filling between the ties, thereby making it dangerous and difficult for Griffiths to perform his duties, and that the angle cock which he was trying to turn when the cars were started back was out of order; and there was evidence tending to support the several charges of negligence. The accident happened on the main track, within four car lengths of the switch, and at a point where the track was frequently used for switching purposes. The evidence showed that the track was what is known as a dirt filled track, and that the filling between the rails was

flush with the tops of the ties within about four inches of the rail, from whence it gradually sloped to the natural surface at the ends of the ties.

The defendant was not allowed to prove that the track was constructed according to the usual custom of railway companies in the State, and the ruling is assigned as error. We think the testimony should have been received. It is, of course, true that, if the act complained of is negligent, the usual custom of others furnishes no defense to an action for the wrong done by such negligence. But where it cannot be said as a matter of law that the construction of a railroad track is inadequate for the proper safety of employes, it is always competent to show the usual practice of other roads in the construction of tracks. It bears upon the question whether ordinary care was used in the particular instance. *Austin v. Ry. Co.,* 93 Iowa, 236; *Wilder v. Great Western Cereal Co.,* 134 Iowa, 451; *McKee v. Ry. Co.,* 83 Iowa, 616. The question whether there was a negligent construction of the track at the point in question was for the jury, and hence the evidence offered should have been received.

*1. Railroads: negligent construction of track: evidence.*

It is said by the appellee, however, that there was no error in rejecting the evidence because the question of the negligent construction of the track was not submitted to the jury or passed upon by it. The court instructed that it was an issue in the case, and then told the jury that the plaintiff might recover if it was found that the engineer negligently backed the cars and by reason thereof, and because of the improper filling between the ties, he was injured. In another instruction the jury was told that, if Griffiths knew the condition of the track at the place of injury, he assumed the risk of its imperfections. It is evident, therefore, that the court intended to submit the question, and we think it was before the jury.

*2. Same: instructions.*

A reversal is asked on other points, but, as the errors alleged are not likely to arise on a retrial of the case, we need not discuss them.    For the error pointed out, the judgment is *reversed.*