CHARLES M. BRYAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25150.    Promulgated November 18, 1930.

*Charles M. Bryan, Esq.*, and *W. H. Borsje, Esq.*, for the petitioner. *R. W. Wilson, Esq.*, for the respondent.

OPINION.

Love: In this proceeding petitioner contends that a " net loss " in the amount of $39,686.44, sustained by him in the year 1922, was a statutory " net loss " which he is entitled to deduct from net income for the year 1923. The respondent concedes the amount of the alleged " net loss," but denies that it is deductible as claimed by petitioner.

Section 204(a) of the Revenue Act of 1921 provides:

(a) That as used in this section the term " net loss " means only net losses resulting from the operation of any trade or business regularly carried on by the taxpayer * * *.

Continuing, the statute prescribes the computation of such " net losses " and provides that they may be deducted from net income of the succeeding tax year, and that the excess, if any, may be deducted

in computing net income of the second succeeding tax year. Since there is no dispute between the parties as to the amount of the alleged " net loss " involved, further quotation of the statute is unnecessary.

The first point for our determination is whether or not the " net loss " involved resulted from " the operation of any trade or business regularly carried on by the taxpayer." The deficiency letter stated: " It is held that since your regular business is that of a practicing attorney, this loss was not sustained in the business regularly carried on by you and it does not come under the provisions of section 204 of the Revenue Act of 1921." The Board has frequently held that the phrase " trade or business regularly carried on" does not limit net loss deductions to losses sustained in a taxpayer's sole or principal trade or business. The test is the " regularity " with which a trade or business is carried on. See *Harry F. Harper*, 20 B. T. A. 143, 153, and cases there cited.

Petitioner asserts that the business which the Sales Co. was formed to conduct was in fact operated by himself, individually, during the year 1922. He contends, first, that the Sales Co. never came into being as a corporation because it was never " organized " and, alternatively, that even if the Sales Co. was ever " organized " as a corporation, yet the activities detailed for 1922 were petitioner's personal activities. The issuance of a charter creates a corporation. *Lord* v. *Equitable, etc., Society*, 194 N. Y. 212; 87 N. E. 443. But acceptance of that charter by the corporators is essential to the acquirement of corporate rights, privileges and liabilities. *Planters Insurance Co.* v. *Tennessee*, 95 Tenn. 202; affd., 161 U. S. 193. The evidence is that Mrs. Bryan and Mrs. Tate both refused to participate in a formal organization of the Sales Co. under its charter, and consequently that there was never a formal organization of that corporation. But regardless of the corporation's organization, we think the evidence relating to the year 1922 indicates that petitioner was then conducting operations as an individual.

When Tate withdrew in January, 1922, petitioner was faced with liabilities amounting to about $250,000 through his endorsements. Petitioner then took up the conduct of the business personally and endeavored to work out his liabilities. He devoted almost his entire time to it. In doing this, he continued the truck sales and other activities of the business and paid operating expenses, etc. We think, on the whole, that petitioner was regularly engaged in the business during 1922, within the intendment of the pertinent statute, and that the loss he sustained, which the parties agree amounted to $39,686.44, was a " net loss " which may properly be applied against his net income for the year 1923.

*Judgment will be entered under Rule 50.*