IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. MCKNIGHT

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ALLEN F. MCKNIGHT, APPELLANT.

Filed May 24, 2016.    No. A-15-633.

Appeal from the District Court for Scotts Bluff County: RANDALL L. LIPPSTREU, Judge. Affirmed.

David S. MacDonald, Deputy Scotts Bluff County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

MOORE, Chief Judge, and INBODY and RIEDMANN, Judges.

MOORE, Chief Judge.

### INTRODUCTION

Allen F. McKnight appeals from his conviction and sentencing in the district court for Scotts Bluff County for possession of methamphetamine and possession of drug paraphernalia. On appeal, he claims that the court violated his right to a fair trial by refusing to strike for cause certain prospective jurors who were employed by law enforcement or State of Nebraska agencies. Because McKnight has not shown prejudicial error in the overruling of his motion to strike, we affirm.

### BACKGROUND

On January 16, 2015, the State filed an information in the district court, charging McKnight with one count of possession of methamphetamine in violation of Neb. Rev. Stat. § 28-416(3) (Cum. Supp. 2014), a Class IV felony, and possession of drug paraphernalia in violation of Neb. Rev. Stat. § 28-441 (Reissue 2008), an infraction. The charges arose out of a traffic stop on January

4 of a vehicle driven by McKnight. McKnight filed a motion to suppress evidence and statements, which the court overruled on April 22.

A pretrial conference was held on April 22, 2015. During the conference, McKnight's attorney informed the court that he wanted opening and closing statements to be recorded at trial but not voir dire.

A jury trial on the methamphetamine charge was held on May 4, 2015. At the start of trial, McKnight's attorney informed the district court that he "wanted to renew [his] objection to the jury selection and several of the parties that were drawn and we asked to have them [re]moved for cause." Counsel then made "an oral motion for mistrial for the jury selection as it went." In arguing his motion for mistrial, he named five individuals and identified them as a "WING investigator," a prosecutor for the State, a Scottsbluff police officer, and two probation officers. The court inquired, "Can we also stipulate that all of those folks were questioned and all said they could be fair and reasonable, they could decide the case solely on the evidence and they don't fit within the statutory exception?" McKnight's attorney agreed that the individuals "did say that," and the court overruled his motion. The record does show the names of 12 jurors and one alternate juror who sat on the case, and none of the individuals identified by McKnight in his motion sat on the jury or served as the alternate juror.

The jury found McKnight guilty of possession of methamphetamine, and the district court found him guilty on the possession of drug paraphernalia charge. On June 16, 2015, the court entered an order sentencing McKnight to 2 years' probation for possession of methamphetamine. The court imposed a $100 fine and ordered McKnight to pay court costs of $135 with respect to the possession of drug paraphernalia conviction.

## ASSIGNMENTS OF ERROR

McKnight asserts that the district court denied his due process right to a fair trial by denying requests to strike jurors for cause with conflicts of interest and improperly rehabilitating prospective jurors.

## STANDARD OF REVIEW

The decision to retain or reject a venireperson as a juror rests in the trial court's discretion, and an appellate court will reverse only when it is clearly wrong. *State v. Dixon*, 282 Neb. 274, 802 N.W.2d 866 (2011).

## ANALYSIS

McKnight asserts that the district court denied his due process right to a fair trial by denying requests to strike jurors for cause with conflicts of interest and improperly rehabilitating prospective jurors.

Neb. Rev. Stat. § 29-2005 (Reissue 2008) provides that "[e]very person arraigned for any offense that may be punishable by imprisonment for a term exceeding eighteen months and less than life, shall be admitted to a peremptory challenge of six jurors." It also provides that "in all cases where alternate jurors are called, . . . then in that case both the defendant and the attorney

prosecuting for the state shall each be allowed one added peremptory challenge to each alternate juror."

McKnight argues that by denying his motion to strike certain individuals for cause and rehabilitating them by asking whether they could be fair and reasonable, he was denied the effective use of any of his peremptory strikes and was forced to use his peremptory strikes to remove seven particular individuals from the jury. In his brief, McKnight identifies seven individuals who he argues had direct conflicts of interest or an appearance of bias. He identifies them by juror number rather than name, and in terms of the alleged conflicts or biases, he indicates that there was a Scottsbluff police officer, a second Scottsbluff police officer who was assigned to the "WING" drug task force, a prosecutor for Scotts Bluff County, two probation officers from the office working on his case, the spouse of the office manager for a Nebraska State Patrol troop that conducted his arrest, and a former deputy sheriff from Minneapolis, Minnesota.

McKnight primarily relies on *Kusek v. Burlington Northern R. Co.*, 4 Neb. App. 924, 552 N.W.2d 778 (1996) and *Burtnett v. B. & M.R.R. Co.*, 16 Neb. 332, 20 N.W. 280 (1884). *Kusek v. Burlington, supra*, provides that an employee of a party, including a corporate party, is ineligible to serve on a jury involving its employer, and the challenge to such potential jurors may be made by either party to the litigation. To premise prejudicial error on the presence of a party's employees on a jury, the complaining party must have exhausted all of its peremptory challenges. *Id.* In *Kusek*, the railroad sought to exclude its employees from the venire in a case in which the railroad's negligence was at issue. This court found prejudicial error in the trial court's overruling of the railroad's motion to strike for cause where the railroad had used all of its peremptory strikes. In *Burtnett*, the Nebraska Supreme Court determined that a railroad employee was an incompetent juror to try an action to which the railroad was a party but found no prejudicial error in the trial court's overruling of the plaintiff's challenge for cause where the record failed to show that the plaintiff had exhausted his peremptory challenges.

In this case, McKnight essentially argues that at least some of the challenged potential jurors should have been stricken for cause as employees of a party to the case, i.e., on the basis that they were State of Nebraska employees. There are two difficulties with McKnight's argument on appeal.

First, McKnight did not provide us an adequate record to review his motion to strike for cause. As noted above, voir dire was not recorded, and, although McKnight provides certain information in his brief, that does not make it part of the evidentiary record or mean that we can consider it. It is incumbent upon an appellant to supply a record which supports his or her appeal. *State v. Custer*, 292 Neb. 88, 871 N.W.2d 243 (2015). A party's brief may not expand the evidentiary record. *State v. Patton*, 287 Neb. 899, 845 N.W.2d 572 (2014). A bill of exceptions is the only vehicle for bringing evidence before an appellate court; evidence which is not made a part of the bill of exceptions may not be considered. *Id.* Thus, there is nothing in the record before us to show that McKnight had exhausted all of his peremptory challenges, as required to show prejudice under the above cases cited by him.

Secondly, even if McKnight had provided an adequate record and that record showed that the district court had erred in refusing to strike the prospective jurors at issue, any such error would have been harmless because the challenged jurors did not sit on the jury.

In *State v. Daly*, 278 Neb. 903, 775 N.W.2d 47 (2009), the defendant sought to strike a parole officer as a potential juror for cause, arguing that since the officer was employed by the State of Nebraska, he was an employee of a party to the case. The trial court denied his motion, and the defendant exercised a peremptory strike to remove the parole officer from the jury. On appeal, the Nebraska Supreme Court questioned whether the principle that employees of a party are ineligible to serve on a jury in a case involving their employer extended to the situation presented in *Daly*, where the parole officer was a Nebraska Department of Correctional Services employee and the defendant was prosecuted by the Lancaster County Attorney's Office. The Supreme Court focused its analysis, however, on the lack of prejudice shown by the denial of the defendant's motion to strike the parole officer for cause.

The Nebraska Supreme Court noted that the erroneous overruling of a challenge for cause will not warrant reversal unless it is shown on appeal that an objectionable juror was forced upon the challenging party and sat upon the jury after the party exhausted his or her peremptory challenges. *State v. Daly, supra*. The Court further observed that an appellate court will not reverse a conviction based on a challenge to a potential juror if that person was not ultimately included on the jury, even if the defendant was required to use a peremptory challenge to remove the person. *Id.* The Court stated that the true object of challenges, either peremptory or for cause, is to enable the parties to avoid disqualified persons and secure an impartial jury. *Id.* When that end is accomplished, there can be no just ground for complaint against the rulings of the court as to the competency of the jurors. *Id.* In *Daly*, the parole officer did not sit on the jury, and the defendant did not argue that any juror who sat on the panel was objectionable or that the jury was not impartial. Accordingly, the Supreme Court found no merit to the defendant's argument.

Here, McKnight argues that the individuals identified in his brief should have been stricken for cause and that he should not have had to use peremptory strikes to remove them from the panel. Beyond the broad assertion that he was "denied a fair trial by an impartial and unbiased jury," he does not argue that the empaneled jury was not impartial. Brief for appellant at 14. His arguments focus on the presumed partiality of certain individuals in the jury pool. However, none of these individuals sat on the jury, and McKnight does not argue that any of the jurors who were empaneled were objectionable or unqualified in any way. He has not shown on appeal that an objectionable juror was forced upon him and sat upon the jury after he exhausted his peremptory challenges. *State v. Daly, supra*. McKnight's assignment of error is without merit.

CONCLUSION

Because McKnight has not shown prejudicial error in the district court's overruling of his motion to strike certain potential jurors for cause, we affirm.

AFFIRMED.